[No. 817.]

JOSEPH DONDERO, APPELLANT, *v.* HENRY VAN-SICKLE, RESPONDENT.

PARTITION OF LANDS HOW MADE.—The district court can order a partition to be made, but it cannot itself make the partition except in the indirect mode of confirming the report of the referees appointed for the purpose of carrying out the order of partition.

IDEM.—When the court decides in favor of a partition being made, it should appoint referees and direct them to divide and mark out the land, including the improvements into parcels of equal *value*, instead of making the division into parcels of equal *area*.

IDEM—SEVERANCE OF IMPROVEMENTS.—A severance and removal of improvements, which are a part of the realty, from one parcel of the land to another in order to equalize their values, is not authorized by the statute, and would generally be injurious to the interests of the co-tenants.

Idem.—If the land cannot be divided into parcels of convenient shape and situation without throwing the valuable improvements into one tract, then, unless the value of the land in the other tract is greater than the one on which the improvements are situated, it should be increased in area until it is equal, quantity and quality considered, to the remaining tract, with the improvements included.

Idem—Personal Property.—A decree ordering a partition of certain personal property, not mentioned in the pleadings is clearly erroneous.

Appeal from the District Court of the Second Judicial District, Douglas County.

The facts are stated in the opinion.

*Ellis & King,* for Appellant.

I. The interlocutory decree is made without authority, and in excess of the jurisdiction of the court. Sections 277 to 280 of the civil practice act outline the course of procedure fully and distinctly, where partition and not a sale is ordered. The decree strips the referees of their judicial functions and makes them the unreasoning puppets of the court. (*Brown* v. *Bulkely,* 11 Cush. 168.)

The reasoning addressed to the court, that because it was competent in the district court to set aside any report of the referee, that, therefore, it was competent in the court to do the work of the referees, if followed to its legitimate conclusion, would establish the proposition that because this court can reverse, affirm, or modify a judgment of a district court, that it might therefore try the same cause in the first instance.

The question as to how the land could be divided, that is as to where the lines should run and area to be apportioned or partitioned to each, was not an issue in the case, and therefore neither party was called upon to meet it, and this court will not assume that any evidence was given upon this point. (Freeman on Co-tenancy and Partition, secs. 518 to 522.)

II. The preliminary decree is erroneous in this, that it provides for the removal of certain buildings from one part of the land to another part. It is no more in the power of the court or referees to make this order or decree, than it is to order the same buildings razed or destroyed by fire.

III. The order is erroneous in this, that it acts upon and decrees the partition of certain personal property; which property is neither mentioned in any of the pleadings in the cause, nor within the purview of the statute under which the proceedings are taken, which is applicable alone to realty.

*Thomas H. Wells*, for Respondent.

I. Unless there is error apparent on the face of the interlocutory decree, both must be affirmed, as no motion was made for a new trial, and no statement or assignment of errors is made in the case. (See Pr. Act, secs. 330 to 337.)

II. If the court below misconstrued the provisions of the statute in making the order as to how the land should be divided, yet as no wrong to appellant is shown, or even asserted, and as re-partition would, presumably result as in the first instance, the court should not reverse the case.

A judgment in a civil cause will not be reversed simply because of technical error, if no prejudice be shown, nor right be infringed nor damage suffered.

In support of these views counsel cited the following authorities: *Seale* v. *Sota*, 35 Cal. 102; *Hastings* v. *Cunningham*, 35 Cal. 549; *Regan* v. *McMahon*, 43 Cal. 625.

By the Court, BEATTY, J.:

The parties to this action are co-tenants of a tract of land, and the suit is for a partition or sale of the common property. There was an interlocutory decree ordering a partition and appointing referees, and a final decree confirming their report of the partition made. The plaintiff appeals from both decrees.

The interlocutory decree, after reciting the finding of a jury (impaneled to try that issue), that partition can be made without prejudice to the owners, proceeds as follows: "Wherefore, in accordance with said verdict (the court having personally viewed the land and premises in controversy, and being satisfied therefrom and from the evidence in the cause given at the trial thereof, that said verdict is

correct, and that said land can be divided into two equally valuable tracts or parcels of land, without great prejudice to the owners thereof, and that none of the improvements, except outside fences, are of much value where they are), it is ordered, adjudged and decreed by the court that said land and premises in controversy, including the improve-· ments on said land, can be divided into two equally valu· able tracts or parcels of land and improvements without great prejudice to the owners thereof, the parties to this action, who each own one undivided half thereof, and that such partition ought to be, and shall be, made as follows; A direct line shall be run through said land from east to west and from west to east, in such manner that one-half of said land will lie and be north of said direct line, and the other half of said land south of said direct line, and said improvement on said land in controversy shall be divided and partitioned between said parcels of land and the owners thereof, and disposed of as follows: All fences standing on the exterior limits or boundary-lines of said land shall remain as they are; the yellow-colored dwelling-house, the milk-house or cellar, and the smaller of the two barns shall belong to and be removed by the party who shall in this partition get and own the north half or parcel of said land; the other dwelling-house, the out-houses, the largest of the two barns and the two corrals, which are on the south half or parcel of said land adjoining said barn on the north, shall go with said half or parcel of said land, and belong to the party who, in this partition, shall get and own said south half or parcel of said land in controversy," etc.

The appellant objects to this decree on the grounds: First, that the court exceeded its jurisdiction in making the partition itself instead of leaving it to be done by the referees; and, second, that even if the court had possessed the authority to make the partition, it proceeded in this instance upon an erroneous principle. Both points are well taken: .

First. The court can order a partition to be made, but it cannot itself make the partition except in the indirect mode of confirming the report of the referees appointed for the

purpose of carrying out the order of partition. In this case it was settled by the pleadings that the land, including the improvements, was common property, belonging an undivided half to each party, and there seems to have been nothing for the court to decide preliminary to the interlocutory decree except the question whether the land should be partitioned between the parties or sold, and the proceeds divided. Having decided in favor of a partition, the court should have appointed referees, and directed them to divide and mark out the land, including the improvements, into two parcels of equal *value,* instead of making the division itself into two parcels of equal *area.*

Second. We are not aware of any precedent for requiring a severance and removal of improvements which are a part of the realty from one parcel of the land to another in order to equalize their values, and we think such a course would be generally, if not always, injurious to the interests of the co-tenants. If, in carrying out an order of partition in a case like this, the land cannot be divided into parcels of convenient shape and situation without throwing all, or the more valuable portion of the improvements into one tract, then, unless the value of the land in the other tract is greater than in the one on which the improvements are situated, it should be increased in area until it is equal, quantity and quality considered, to the remaining tract, with the improvements included. The statute (C. L. secs. 1328–9–40–41), and the authorities cited in the briefs of counsel, sustain these views, and upon the grounds stated, and for the additional reason that the decrees order a partition of certain personal property not mentioned in the pleadings, the interlocutory decree must be reversed, and as the final decree merely carries the interlocutory decree into effect, that must be reversed also.

It is ordered that the final decree be reversed, and the interlocutory decree also, in so far as it attempts to make a partition; and the cause is remanded for further proceedings in accordance with the views herein expressed.