No. 18,885.

LELAND ROBERT THOMAS *v.* ELSIE B. THOMAS.

(352 P. [2d] 279)

Decided May 16, 1960.

Messrs. HOLLEY & BOATRIGHT, for plaintiff in error.

Mr. ROBERT H. CLOSE, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KNAUSS.

THE parties are here in the same order in which they appeared in the trial court and will be referred to as plaintiff or defendant.

Plaintiff sought partition of certain real property situate in Denver, title to which was held by plaintiff and defendant in joint tenancy.

Defendant's answer submitted the joint tenancy ownership of the property and by counterclaim alleged that

defendant had expended the sum of $3,559.67 for repairs and improvements which enhanced the value of the property, which amount should be awarded defendant before division of the proceeds of the sale under the partition.

Trial was to the court on the issues thus joined and the parties entered into a stipulation which in part provided:

"1. That since the Date of February 21, 1950, the defendant has paid for improvements and repairs (on the property) the sum of $3559.67," and which reserved to the parties the right to object to the materiality of the facts so stipulated. Plaintiff objected to an allowance or set-off in favor of defendant for the amount paid for improvements and repairs on the ground that such an allowance must be based on the enhanced value of the property created by the improvements and repairs, and not upon the cost or the amount paid therefor.

The trial court decreed partition and found that the cost of the improvements and repairs made by defendant was the sum of $3559.67; ordered the sale of the real estate and directed that the sum so expended by defendant be first deducted from the proceeds of the sale and paid to her, and that the balance of the proceeds of the sale be equally divided between plaintiff and defendant.

Judgment was entered accordingly and plaintiff is here by writ of error seeking reversal on the ground that the money award made to defendant does not represent the amount by which the value of the property has been enhanced by such expenditures.

The record discloses that defendant relied on cost as the basis for allowance to her of the sums expended for improvements and repairs, to which the trial court agreed.

The question presented has never been decided in this state, although it is well settled elsewhere that a co-tenant, improving jointly owned realty, will be allowed the amount by which the improvements enhanced

the value of the property, but not the cost thereof, or the original amount expended in making the improvements. Cases are collected in an annotation found in 1 A.L.R. 1189 and another in 122 A.L.R 234.

The reason for the rule generally followed in other jurisdictions is set forth in 1 A.L.R. 1190, as follows:

"The reason for the rule allowing compensation to the improving tenant in common is that when his improvements enhance the value of the common estate, and his cotenants are not injured in any way or hindered from having partition, they should not be permitted to take advantage of improvements which enrich the common property, and to which they have contributed nothing. The original cost of the improvement is not to be allowed. * * * The extent of the improving tenant's right to compensation is the enhanced value of the property, due to the improvement."

In *Indra v. Wiggins*, 238 Iowa, 728, 28 N.W. (2d) 485, it was held that a cotenant who improves jointly owned property will be allowed the amount by which the improvements enhanced the value of the property involved in a partition action, but will not be allowed the original cost or price paid for such improvements. The *Indra* case is well reasoned and cites numerous authorities in support of the rule announced. In addition to the cases therein cited we refer to *Burkholder v. Burkholder*, 10 Ill. App. 565, 135 N. E. (2d) 504, and *Batchelder v. Munroe*, 335 Mass. 216, 139 N. E. (2d) 385.

Because the trial court misconceived the applicable rule of law by which the defendant's right to recover her expenditures is to be measured, the judgment is reversed and the cause remanded for a new trial consistent with the views herein expressed, with leave to the parties to amend their respective pleadings as they may be advised.

MR. JUSTICE HALL and MR. JUSTICE FRANTZ concur.