Elfego MARTINEZ, Plaintiff-Appellant,

v.

J. Paul MARTINEZ, and The Federal Land Bank Association, and all persons who claim as heirs, devisees, assignees, creditors, or otherwise under said Defendant and all unknown persons who claim any interest in the subject matter of this action, Defendants-Appellees.

No. 80CA0087.

Colorado Court of Appeals, Div. I.

Nov. 27, 1981.

Bruce J. Meyer, Alamosa, for plaintiff-appellant.

George H. Ottenhoff, Alamosa, for defendants-appellees.

COYTE, Judge.

Plaintiff, Elfego Martinez, appeals from a judgment entered in a partition suit. We reverse.

Plaintiff and J. Paul Martinez (defendant), brothers, purchased a 320-acre farm in Alamosa County in 1946 for which they agreed to pay $13,000. They took title to the property as tenants in common. The evidence is clear that they intended to own the property equally, each owning an undivided one-half interest. The property was purchased some 33 years prior to the commencement of this action. There was a three bedroom house on the farm which they occupied with their respective wives. From 1946 to 1956 the two brothers had some outside employment and operated the farm. In 1956 plaintiff moved to California. From that time until the present, defendant and his family have occupied the property and have had exclusive control of it.

In 1977, this action was filed by plaintiff seeking a partition of the property and an accounting. Defendant answered admitting that the property should be partitioned and asked for an accounting to determine the relative interests of the parties. However, defendant contends that plaintiff abandoned the property and that he, defendant, should not be required to account for his use and occupancy of the property. The parties stipulated that during the ownership of the property, defendant had paid $19,966.97 and plaintiff had paid $2,593.64 for payment for the land, taxes on the

property, and water assessments. The parties also stipulated that the value of the farm at the time of trial was $75,000.

The court held that because of the original investment and expenditures, defendant had acquired and owned an 89% interest in the property and plaintiff had an 11% interest. It then ordered the property sold, but ordered that plaintiff could give a warranty deed to defendant in return for defendant paying plaintiff $8,250 less the commissioner fees to be taxed against plaintiff and all costs likewise taxed against plaintiff. In making this distribution the court erred.

■ A court's function when deciding a partition action is not to create new interests in property held by tenants in common, but is merely to sever the unity of possession owned by the tenants. *Johnson v. Ford,* 233 Ark. 504, 345 S.W.2d 604 (1961). Therefore, when partitioning property held by tenants in common, each with an undivided one half interest, the court should only assign the one half interest in the property to each tenant and cannot grant a greater share of the property to either. *Johnson v. Ford, supra.*

■ A partition suit and demand for an accounting is an equitable proceeding and is governed by § 38–28–101 et seq., C.R.S. 1973. Section 38–28–103, C.R.S.1973, provides that in a partition proceeding the court shall make a complete adjudication as to the rights of all persons to the property. Section 38–28–110, C.R.S.1973, provides:

"The court at any time may make such orders as it may deem necessary to promote the ends of justice to completely adjudicate every question and controversy concerning the title, rights, and interest of all persons whether in being or not, known or unknown, and may direct the payment and discharge of liens and have the property sold free from any lien or may apportion any lien among the persons to whom the partition is made."

■ Hence, once the property has been divided, the court may then, to reach an equitable result, compute the contribution of each tenant and offset any amount owing against the one half share held by each tenant. *Baird v. Moore,* 50 N.J.Super. 156, 141 A.2d 324 (1958).

■ In this action the trial court rejected plaintiff's claim that he had been ousted, rather it found that plaintiff had abandoned the property and left the preservation of the property up to defendant and that the property could have been lost for taxes or through foreclosure if it were not for defendant's efforts in preserving the property. It further found that plaintiff had not come into court with clean hands and was thus not entitled to an accounting for defendant's use and occupancy of the property. The evidence supports the findings by the trial court, and thus, they are binding on us on review. *Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453 (1970); cf. *Fundaburk v. Cody,* 261 Ala. 25, 72 So.2d 710 (1974); see also *Cochran v. Burdick,* 89 F.2d 831 (D.C.Cir.1937), cert. denied, 293 U.S. 561, 55 S.Ct. 73, 79 L.Ed. 661. The parties stipulated as to the respective investment by each of them and this is likewise binding on this court.

■ Where expenditures have been made by a co-tenant improving jointly owned realty, that co-tenant will be allowed the amount by which the improvements enhance the value of the property but not the cost thereof or the original amount expended in making the improvement. *Thomas v. Thomas,* 143 Colo. 130, 352 P.2d 279 (1970). Here, the stipulation of the parties was that the above amounts had been contributed toward the payment of the purchase price, taxes, and water assessment. Since there is no evidence presented showing a breakdown of these figures, the court could properly use the totals as being each co-tenant's contribution to an enhancement of the property's value. But, in order to allocate to each co-tenant his share of the property's enhanced value, the court should have begun by assigning each co-tenant one-half of the property's stipulated value, $75,000, and then made adjustments as required by the accounting.

Here, the trial court should have begun with the stipulated value of $75,000, or $37,-

500 for each party, and then should have subtracted one-half of plaintiff's contribution, ($1,296.82), from defendant's share and added one-half of plaintiff's contribution ($1,296.82) to plaintiff's share. The court should then have subtracted one-half of defendant's contribution ($9,983.48), from plaintiff's share and added one-half of defendant's contribution ($9,983.48) to defendant's share. The result of such calculation is that, after the accounting, defendant's interest in the property is $46,186.66 and plaintiff's interest is $28,813.34 less the costs of the commissioner and other costs assessed against the plaintiff. The costs in this court are assessed against the defendant.

The court also should have specified a limited period during which defendant could pay this amount into the court for the benefit of plaintiff and receive a warranty deed of plaintiff's interest in the property and should have ordered that if such time limitation were not met the property be sold on the open market. The contribution of each party, plus applicable costs should be subtracted from the amount received at the sale, and each party's contribution should be paid to him and the balance distributed in equal shares to the parties except that from plaintiff's share should be deducted the costs of the commissioner and other costs assessed in the trial court against plaintiff.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

STERNBERG and KIRSHBAUM, JJ., concur.