Robert Richard KEITH,
Plaintiff-Appellee and
Cross-Appellant,

v.

Auguste B. EL–KAREH and Josine C.J. El-Kareh, Defendants-Appellants and Cross-Appellees.

No. 84CA1215.

Colorado Court of Appeals,
Div. I.

Oct. 9, 1986.

Stauffer, Otto & Davidson, J. Kent Stauffer, Colorado Springs, for plaintiff-appellee and cross-appellant.

Sherman, Howard, Baker & Wendelken, Andrew L. Blair, Jr., Christopher J. Koenigs, Colorado Springs, for defendants-appellants and cross-appellees.

BABCOCK, Judge.

Defendants, Auguste B. El-Kareh and Josine C.J. El-Kareh, appeal the trial court's judgment partitioning real property they held as tenants in common with plaintiff, Robert R. Keith. Defendants contend that the trial court applied an incorrect formula in calculating their share of ownership, that the trial court erred in granting plaintiff the right to purchase their interest, and that it erred in refusing to award them rent for plaintiff's use and occupation of the property. Plaintiff, on cross-appeal, contends that the trial court erred in denying his claim for specific performance of the parties' cotenancy agreement and in awarding partition instead. We affirm the trial court's award of partition and denial of rent and specific performance, and reverse and remand on the application of the partition formula.

The property in dispute is a house in Colorado Springs, purchased by the parties when plaintiff moved to Colorado Springs to be employed by Auguste B. El-Kareh. In October 1981, the parties entered into a "Common Tenancy Agreement" that defendants had drafted. That agreement gave defendants an undivided one-half interest in the property and plaintiff an undivided one-half interest in the property as tenants in common and stated that each party would pay half the down payment, half the monthly mortgage payment, and half the taxes and interest. Plaintiff was given possession and responsibility for upkeep, repairs, and utilities. Because plaintiff could not initially afford it, the agreement provided that defendants would pay a larger share of the mortgage and later be reimbursed by plaintiff.

Defendants paid the larger share until June 1982, when a dispute arose over plaintiff's ability to continue to perform. Defendants then ceased payment altogether. Since July 1982, plaintiff has carried the mortgage by himself. The parties attempted to resolve their differences without success.

In July 1983, plaintiff filed suit, seeking specific performance of the agreement's provision calling for forfeiture upon defendants' default. Defendants counterclaimed for partition and for rent they alleged plaintiff owed. The trial court denied specific performance and the demand for rent, but granted partition. The trial court determined that, because of their respective contributions and expenditures, plaintiff owned a 71% interest in the property, while defendants owned a 29% interest, and ordered that upon partition sale, proceeds be distributed according to this formula.

### I.

#### A.

We first address plaintiff's contention on cross-appeal that the trial court erred in refusing to grant him specific performance of the Common Tenancy Agreement. We find no error.

The agreement provided that upon default by either party, if not remedied within 10 days after notice to the nondefaulting party, "the defaulting party will immediately surrender and deliver up possession of the property to the nondefaulting party including the transfer of title of said party's undivided one-half interest." Plaintiff sought specific performance of this provision, claiming that defendants had default-

ed by failing to make payments as the agreement required.

■ A suit for specific performance is an equitable action. *Setchell v. Dellacroce,* 169 Colo. 212, 454 P.2d 804 (1969). The right to specific performance is not absolute; whether the remedy should be granted depends upon the equities of the case, *Ide v. Joe Miller & Co.,* 703 P.2d 590 (Colo. App.1984), and rests within the sound discretion of the trial court. *Hill v. Chambers,* 136 Colo. 129, 314 P.2d 707 (1957).

■ Although defendants drafted the forfeiture provision and, thus, cannot be heard to complain of its terms, *see First National Bank v. Shank,* 53 Colo. 446, 128 P. 56 (1912), equity will not enforce a forfeiture if the party insisting upon it can be otherwise made whole. *Nielsen v. Woods,* 687 P.2d 486 (Colo.App.1984). Here, the remedy of partition is better suited to redress plaintiff's complaint. Thus, we perceive no abuse of discretion by the trial court in denying plaintiff's demand for specific performance of the forfeiture provision.

### B.

Plaintiff also contends that since the agreement precluded defendants from seeking partition, the trial court erred in ordering that remedy. We find nothing in the agreement which precludes defendants from seeking partition.

### II.

### A.

Defendants contend that the trial court erred in failing to apply the rule of *Martinez v. Martinez,* 638 P.2d 834 (Colo.App. 1981), in determining how the partition sale proceeds were to be distributed. We agree.

In *Martinez,* we held that the trial court erred in applying a formula for allocating proceeds which is identical to the formula applied by the court here. The court in *Martinez* held that because of the original investment and later expenditures by the parties, the defendant owned an 89% interest and the plaintiff an 11% interest. It then ordered the property sold and the proceeds distributed according to that ratio. Similarly, the trial court here directed that because plaintiff owned a 71% interest in the property, while defendants owned a 29% interest, the sale proceeds be divided according to this ratio. This was error.

■ A court's function when deciding a partition action is not to create new interests in property owned by tenants in common, but is merely to sever their unity of possession. *Martinez v. Martinez, supra.* Therefore, when partitioning property held by tenants in common, each with an undivided one-half interest, the court should assign only the one-half interest in the property to each tenant, and not grant a greater share of the property to either. *Martinez v. Martinez, supra.*

■ However, § 38–28–103, C.R.S. (1982 Repl.Vol. 16A), provides that in a partition proceeding the court shall make a complete adjudication as to the rights of all persons to the property. Once the property has been divided, the court may then, to reach an equitable result, compute the contribution of each tenant and offset any amount owing against the undivided one-half share held by each tenant. Section 38–28–110, C.R.S. (1982 Repl.Vol. 16A); *Martinez v. Martinez, supra.*

Here, the trial court found the property to be worth $73,000, which the parties agree is correct. It also found that plaintiff's and defendants' respective contributions were $27,344 and $11,238. Thus, the court should have begun by dividing the property value between them, $36,500 each; it then should have subtracted one-half of plaintiff's contribution ($13,072) from defendants' share and added it to plaintiff's share. One-half of defendants' contribution ($5,619) should have then been subtracted from plaintiff's share and added to defendants' share. The result of such calculation is that the dollar value of plaintiff's interest in the property is $44,553 and the dollar value of defendants' interest is $28,447.

Unlike *Martinez*, however, where the property was unencumbered, here the property was subject to a $56,526 mortgage. The agreement provided that the parties would "share equally the cost of the mortgage payments." Thus, since each party assumed equal responsibility for this obligation, one-half the mortgage amount, $28,263, should be subtracted from their respective interests. This leaves plaintiff with an equity of $16,290 in the property, and defendants with an equity of $184.

The result is the same whether the mortgage amount is subtracted from the property's value before or after computation of the parties' respective shares. To calculate the equities based upon percentages of "interests," as defendants argue, would be to rewrite the agreement, which this court is not at liberty to do. *See Jameson v. Foster*, 646 P.2d 955 (Colo.App.1982).

### B.

Defendants further contend that it was error for the trial court to grant plaintiff, as an alternative to partition sale, the right for a limited time to purchase defendants' equity in the property in return for a quitclaim deed. Based upon our holding in *Martinez v. Martinez, supra*, and the equities of this case, we perceive no error.

### C.

Defendants also assert the trial court erred in holding them not entitled to an offset from plaintiff for rent during his occupancy of the property. We disagree.

The parties' agreement makes no mention of rent; on the contrary, it expressly gave plaintiff possession without obligation for rent. Moreover, in the absence of a written agreement, tenants in common are not entitled to rent from each other unless the tenant seeking rent has been ousted from possession. *See First National Bank v. Groussman*, 29 Colo. App. 215, 483 P.2d 398, *aff'd*, 176 Colo. 566, 491 P.2d 1382 (1971). Unless an actual ouster is shown, the law presumes that the possession of one tenant in common is the possession of all. *Hed v. Pullara*, 128 Colo. 244, 261 P.2d 509 (1953).

 Here, defendants made no showing of ouster; as their agreement clearly indicates, they voluntarily relinquished possession to plaintiff without reserving rent. The trial court, thus, did not err in finding them not entitled to an offset for rent.

Accordingly, the trial court's judgment granting partition and denying specific performance and rent is affirmed. That part of the judgment accounting for the parties' interests is reversed, and the cause is remanded with directions to enter judgment in accordance with the mathematical calculations specified in this opinion and for such further proceedings as may be necessary to conclude the parties' claims.

ENOCH, C.J., and KELLY, J., concur.