**YOUNG PROPERTIES, a California general partnership, and Doris Y. Coates, Trustee of the Doris W. Young Survivors Trust, Plaintiffs–Appellees,**

v.

**Gregory D. WOLFLICK, Trustee of the Wolflick Survivors Trust, Defendant–Appellant.**

No. 02CA2130.

Colorado Court of Appeals, Div. III.

Dec. 4, 2003.

Rehearing Denied Feb. 5, 2004.

Jacobs, Chase, Frick, Kleinkopf & Kelly, LLC, Michael A. Smith, N. Reid Neuriter, Denver, Colorado, for Plaintiffs–Appellees.

Tisdel, Hockersmith, Mueller & McIntosh, P.C., Michael D. Hockersmith, Roger F. Sagal, Ouray, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Gregory D. Wolflick, trustee of the Wolflick Survivors Trust, appeals the judgment partitioning land held as tenants in common with plaintiffs, Young Properties and Doris Y. Coates, trustee of the Doris W. Young Survivors Trust (collectively the Youngs). We reverse certain aspects of the judgment and remand for further proceedings.

In December 2000, the Youngs filed a complaint for partition, pursuant to § 38–28–101, et seq., C.R.S.2003, seeking the sale of a 227–acre parcel of real property located in Ouray County, Colorado. The Youngs owned an undivided three-fourths interest in the parcel, while Wolflick owned an undivided one-fourth interest. The parcel was encumbered by a deed of trust in favor of Park Estates, Ltd.

In October 2001, the parties executed a stipulation for entry of an order of partition and appointment of a commissioner. The

trial court appointed a commissioner, who appraised the parcel and issued a report indicating that partition in kind could be effected by dividing the northern 69 acres (northern parcel) from the southern 158 acres (southern parcel). The northern parcel was unimproved, but had access to a road maintained by Park Estates, Ltd. The southern parcel contained improvements, including a house, but, once divided, the parcel would not have access to the road. The commissioner allocated the northern parcel to Wolflick and the southern parcel to the Youngs and indicated that the southern parcel would need an access easement across the northern parcel.

The Youngs objected to the commissioner's report on the basis that it did not separate the parties' interests. Specifically, they argued the report did not resolve issues regarding (1) water rights, (2) allocation of the remaining balance on the deed of trust, and (3) location and size of access and utility easements.

Wolflick objected to any sale of the parcel and sought a partition in kind along the boundaries proposed in the commissioner's report.

In September 2002, the trial court entered a partition order in which the court found: (1) Wolflick had disclaimed any interest in the water rights; (2) the balance of the deed of trust should be allocated according to the parties' respective interest in the property; (3) Wolflick owed the Youngs $44,827 in unpaid expenses relating to the parcel; (4) the Youngs could purchase Wolflick's interest in the parcel for one-fourth of the fair market value of the parcel as stated in the commissioner's report and had thirty days to notify Wolflick of their intent to purchase; (5) in the event the Youngs elected not to purchase Wolflick's interest, the parcel would be divided along the boundary set forth in the commissioner's report, and the southern parcel would be granted access and utility easements over the northern parcel, as defined by the court; and (6) the Youngs were entitled to an award of costs.

Thereafter, the Youngs filed a notification of their intent to purchase Wolflick's interest.

Wolflick appeals the portions of the trial court's order granting the Youngs an option to purchase his interest and awarding them costs.

I. Option to Purchase Cotenant's Interest

Wolflick argues the trial court abused its discretion by granting the Youngs an option to purchase his interest in the parcel in violation of § 38–28–107, C.R.S.2003. We agree.

The power to fashion equitable remedies lies within the discretion of the trial court, and such rulings will not be disturbed on appeal absent an abuse of discretion. *La Plata Med. Ctr. Assocs., Ltd. v. United Bank*, 857 P.2d 410, 420 (Colo.1993).

Our review of a trial courts interpretation of a statute is de novo. When interpreting a statute, we attempt to implement the intent of the General Assembly. To discern that intent, we look first to the plain language of the statute and interpret statutory terms in accordance with their commonly accepted meanings. *Bodelson v. City of Littleton*, 36 P.3d 214 (Colo.App.2001).

Generally, when cotenants have a common interest in real or personal property, either party may have the property divided by an equitable proceeding pursuant to the partition statutes, 38 28–101, et seq. *See Fed. Deposit Ins. Corp. v. Mars*, 821 P.2d 826, 831 (Colo.App.1991). When deciding a partition action, a trial court must not create new interests in property, but must sever the unity of possession of the tenants in common. *Martinez v. Martinez*, 638 P.2d 834, 836 (Colo.App.1981).

In general, partition in kind is favored over partition by sale. *See* 4 *Thompson on Real Property* § 38.04 (David Thomas ed.1994). In Colorado, land has long been deemed unique, and money is an inadequate substitute. *See Benson v. Nelson*, 725 P.2d 71, 72 (Colo.App.1986).

Section 38–28–107 authorizes partition by public sale only after a showing of manifest prejudice:

If the commissioners report and the court finds that partition of the property cannot

be made without manifest prejudice to the rights of any interested party, the court may direct the sale of such property at public sale upon such terms as the court may fix. Notice of such sale shall be given in the same manner as may be required by law for sales of real estate upon execution.

## A. Manifest Prejudice

■ Wolflick argues that the trial court abused its discretion in granting the Youngs an option to buy his interest, without finding that partition in kind could not be made without manifest prejudice. The Youngs argue that, although the trial court did not explicitly find manifest prejudice, because the commissioner's report recommended partitioning the land, but indicated that the southern parcel would require access and utility easements across the northern parcel, and because the parties had a long history of strained relations, the trial court in effect found manifest prejudice. We agree with Wolflick.

■ No Colorado court has defined "manifest prejudice" in the context of a partition action. However, other jurisdictions require a showing of "great prejudice" before partition by sale may be ordered. In our view "great prejudice" is equivalent to "manifest prejudice." *See Webster's Third New International Dictionary* 1375 (1986)(defining "manifest" as capable of being readily and instantly perceived, obvious, overt).

In those other jurisdictions, great prejudice has been shown when either (1) the physical characteristics of the land make it impracticable to divide into equal parts; or (2) the value of the whole is materially greater than the sum of its parts. *See Ashley v. Baker,* 867 P.2d 792, 796 (Alaska 1994)(test for prejudice is whether combined value of the shares would be materially less than the whole); *Wilcox v. Willard Shopping Ctr. Assocs.,* 208 Conn. 318, 544 A.2d 1207 (1988)(partition in kind of shopping center held to be impracticable); *Boltz v. Boltz,* 133 Wis.2d 278, 282, 395 N.W.2d 605, 607 (Ct. App.1986); *Thompson on Real Property, supra.* We agree with those decisions.

We find no support for the Youngs' contention that a partition in kind constitutes manifest prejudice when the parties have a hostile or acrimonious relationship merely because partition in kind would result in the parties becoming owners of neighboring parcels that share an easement. To the contrary, it is generally accepted that when partitioning a parcel of land, a trial court may create easements to facilitate the equitable division of the property. *See In re Marta,* 672 A.2d 984 (Del.1996); *Allendorf v. Daily,* 6 Ill.2d 577, 129 N.E.2d 673 (1955); *Hart v. Hart,* 27 Va.App. 46, 497 S.E.2d 496 (1998)(under common law, power to grant easement in suit for partition is necessarily implied in court's power to make partition); *see also Smith v. Williams,* 98 Or.App. 258, 265, 779 P.2d 1057, 1061 (1989)(acrimonious relationship warranted partition in kind of cotenants' interest in stock). Creating a dominant estate and a servient estate here is within the court's equitable power under § 38–28–110, C.R.S. 2003.

■ The Youngs' construction of "manifest prejudice" would require the sale of property whenever cotenants sought partition because of strained relations and did not wish to own neighboring parcels, effectively rendering meaningless the provisions of § 38–28–107. Even if strained relations result, a trial court has the discretion to create easements to facilitate a partition in kind.

Here, the trial court did not find that partition in kind would result in economic prejudice or would be impractical. To the contrary, the trial court ordered an equitable in kind division of the property and specified the extent of necessary easements in the event the Youngs did not exercise their option to buy Wolflick's interest. Therefore, the trial court abused its discretion in ordering a sale of Wolflick's interest in the parcel without a finding that partition in kind would result in manifest prejudice.

## B. Option to Purchase

■ Wolflick also argues that even if the trial court could order the sale of the property, it abused its discretion because § 38–28–110 does not authorize the trial court to

grant the Youngs an option to purchase his interest in the parcel. We agree.

Section 38–28–107 directs that where partition in kind would constitute manifest prejudice, the appropriate remedy is a partition of the property by public sale. Section 38–28–110 describes the court's powers:

*The court at any time may make such orders as it may deem necessary to promote the ends of justice to completely adjudicate every question and controversy concerning the title, rights, and interest of all persons whether in being or not, known or unknown, and may direct the payment and discharge of liens and have the property sold free from any lien or may apportion any lien among the persons to whom the partition is made.*

(Emphasis added.)

The majority of jurisdictions addressing this issue have concluded that it is improper to order one cotenant to sell his or her interest to another cotenant. *See* 4 *Thompson on Real Property, supra,* § 38.05(b).

However, the Youngs rely on *Martinez v. Martinez, supra,* and *Keith v. El–Kareh,* 729 P.2d 377 (Colo.App.1986), to support their argument that the trial court did not abuse its discretion in granting them an option to buy Wolflick's interest in the parcel.

In *Martinez,* the plaintiff sought to partition by sale real property he owned as tenant in common with his brother. The defendant-brother and his family had been living on the property for several years. A panel of this court held that once the interests in the property had been divided, § 38–28–110 allowed the court to compute any contribution of each tenant and offset any amount owing in order to arrive at an equitable result. After computing the interests of each party, the panel concluded that the trial court should have allowed the defendant a limited time to buy the plaintiff's interest before ordering a public sale. Thus, the plaintiff brought the partition action for the purpose of *selling* his interest in the property, and the panel merely granted the defendant, who had been occupying the property, the first opportunity to buy that interest.

In *Keith,* the subject property for partition was a house. The plaintiff and the defendant each owned a one-half interest in the house, which the plaintiff occupied. A division of this court upheld the trial court's judgment granting the plaintiff a limited time to purchase the defendant's equity in the house. Unlike the circumstances here, the house and land in *Keith* were not amenable to partition in kind. Further, in contrast to the circumstances here, in both *Keith* and *Martinez,* the court granted the party occupying a residence the first opportunity to retain the subject property.

In our view, *Martinez* and *Keith* should not be construed to interpret § 38–28–110 as granting a trial court carte blanche to provide partition remedies, particularly where that remedy would contravene the provisions of § 38–28–107. A court should not substitute its own ideas of what might be wise or equitable in place of the General Assembly's clear intent. *See People v. Zinn,* 843 P.2d 1351 (Colo.1993).

Here, the court found that the parcel could be divided equitably. Neither party occupied the parcel as a principal residence. Furthermore, the trial court granted the Youngs, who originally sought to *sell* their interest in the parcel, an option to *buy* Wolflick's interest, while Wolflick sought to retain his interest in the property in kind. Thus, the trial court abused its discretion in granting the option to the Youngs.

## II. Award of Costs

Wolflick also argues that the trial court abused its discretion in awarding costs to the Youngs. Wolflick argues that the Youngs are not the prevailing parties because the only issue at trial was whether to partition in kind or by sale. We agree that any award of costs must be reconsidered on remand.

"[U]nless there is a statute or rule that specifically prohibits an award of costs, trial courts may exercise their discretion to award any reasonable costs to a prevailing party." *Mackall v. Jalisco Intl., Inc.,* 28 P.3d 975, 977 (Colo.App.2001). Further, the determination of which party prevailed is committed to the discretion of the trial court.

*Wheeler v. T.L. Roofing, Inc.*, 74 P.3d 499 (Colo.App.2003). However, where a judgment has been successfully appealed, the identity of the prevailing party may not be clear.

Here, the Youngs sought partition by sale, and Wolflick sought partition in kind. We have reversed the trial courts judgment regarding the Youngs' option to buy Wolflicks interest, which might suggest Wolflick is the prevailing party. However, the trial court also granted the Youngs' request for partition. Therefore, on remand the trial court must determine the identity of the prevailing party. *See Bainbridge, Inc. v. Douglas County Bd. of Commrs.*, 55 P.3d 271 (Colo. App.2002).

Accordingly, the judgment is reversed to the extent it granted the Youngs the option to purchase Wolflick's interest and to the extent it awarded costs to the Youngs, and the case is remanded for further proceedings consistent with this opinion.

Judge NIETO and Judge CARPARELLI concur.