**Helen S. McNAMARA and Sheila Caldwell, Plaintiffs–Appellees and Cross–Appellants,**

v.

**Shannon Lee MOSSMAN, Defendant– Appellant and Cross–Appellee.**

No. 09CA0201.

Colorado Court of Appeals, Div. IV.

March 18, 2010.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2009.

Foster, Graham, Milstein & Calisher, LLP, Michael G. Milstein, Michael C. Bullock, Denver, Colorado, for Plaintiffs–Appellees and Cross–Appellants.

Scott R. Larson, Denver, Colorado, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge TERRY.

Defendant, Shannon Lee Mossman, appeals the trial court's order in this partition action. Plaintiffs, Helen S. McNamara and Sheila Caldwell, cross-appeal. We affirm in part, reverse in part, and remand.

## I. Background

This appeal addresses partition of three parcels of land. We are primarily concerned with the first two parcels, "the headquarters" and "the west parcel," which are noncontiguous and together comprise 960 acres. A third parcel, known as "parcel B," is a 480–acre site which lies south of the west parcel.

The headquarters is a 320–acre site. The west parcel is a 640–acre site which is separated from the headquarters by Bureau of Land Management land.

Mossman has lived on the headquarters parcel for many years. That parcel consists primarily of level to gently sloping land, with a frontage on Arapahoe Creek, and much of the land is irrigated. It contains a home, access to utilities, a well, and a septic system. The west parcel consists of mountainous dryland grazing pastures, on which no structures are situated. No utility service is currently available there.

The headquarters and west parcel were owned by McNamara, Caldwell, and Mossman as tenants-in-common, with Mossman owning a 50% undivided interest, and the other two each owning a 25% undivided interest. Parcel B was jointly owned by Mossman and McNamara, with each owning a 50% undivided interest.

Because the parties were unable to agree on how to partition the property, the court appointed a commissioner under section 38–28–105, C.R.S.2009, to evaluate the property's suitability for partition in kind. The commissioner stated that the differing physical characteristics of the land situated throughout the parcels made it impracticable to partition the land so that the resulting parcels would each receive a share of all the attributes of the original property. However, he recommended that the subject property could be reasonably, logically, and equitably partitioned based on the fair market value of the lands involved. The commissioner suggested that the court partition the property so that the value of the land apportioned to each party would correspond to her percentage ownership interest in the combined parcels.

To facilitate his plan, the commissioner established per-acre values for the different types of land that make up each parcel. He then suggested allocating the partitioned land so that recipients of land worth less on a per-acre basis would receive more land, and recipients of more valuable land would receive correspondingly less land. At trial, the commissioner testified about alternative ways

in which this distribution could be accomplished.

Relying on the commissioner's report and testimony, the trial court found the property could be partitioned in kind based on value without causing manifest prejudice to the parties. It generally adopted the commissioner's recommendation as to how to apportion the partitioned parcels among the parties, but with one important modification: it awarded a 40–acre parcel to Caldwell which the commissioner had suggested be awarded to Mossman. This allocation resulted in Caldwell receiving land with a higher percentage of the overall value of the land than her 25% ownership interest, and Mossman receiving correspondingly less. The headquarters parcel, along with certain other property, was awarded to Mossman.

## II. Partition in Kind

We first address McNamara and Caldwell's cross-appeal. They argue that the court should have found that partition in kind was impracticable because the nature of the land made it impossible for the apportioned parcels to enjoy all of the features of the larger property, and thus the court should have ordered that all three parcels be sold. We understand this argument to be an attack on (1) the value-based approach recommended by the commissioner and adopted by the trial court, and (2) the trial court's finding that no manifest prejudice would result from in-kind partition. We are not persuaded.

### A. Value–Based Approach to Partition

■ The power to fashion equitable remedies lies within the sole discretion of the trial court, and we will not disturb such rulings absent an abuse of discretion. *Young Properties v. Wolflick*, 87 P.3d 235, 237 (Colo.App. 2003) (*Wolflick* ).

■ In Colorado, partition in kind is favored over partition by sale, and the former should be ordered unless doing so would result in manifest prejudice to the parties. § 38–28–107, C.R.S.2009; *Wolflick*, 87 P.3d at 238. Manifest prejudice may be shown when either (1) the physical characteristics of the land make it impracticable to divide into parts that correspond to the parties' respective interests; or (2) the value of the whole parcel is materially greater than the sum of its parts. *Wolflick*, 87 P.3d at 238. Where manifest prejudice is not shown, partition by sale is inappropriate. *Id.*

■ While there are no Colorado appellate decisions determining whether partition in kind based on the value of property is permissible, several other states have addressed this issue. The majority of jurisdictions allow the value of the underlying property to form the basis for an in-kind partition. *See Eisenberg v. Tuchman*, 94 Conn.App. 364, 892 A.2d 1016, 1031 (2006) (endorsing partition based on value of property apportioned); *Dondero v. Van Sickle*, 11 Nev. 389 (1876) (same); *Cecola v. Ruley*, 12 S.W.3d 848, 854 (Tex.App.2000) (in determining practicability of partition in kind, trial court could properly consider whether land could be divided into tracts of equal value without materially impairing overall value of the property). We agree with this approach as applied to the facts presented here.

McNamara and Caldwell argue that the division's decision in *Wolflick* precludes this value-based approach to partition because such an approach fails to consider the physical characteristics of the property. 87 P.3d at 238. They maintain that focusing on the value of the land would make the physical characteristics of the land irrelevant because value could be split among the parties regardless of the land's character. *Id.* According to this view, *Wolflick* would require a trial court to order a partition by sale whenever the character of the land is such that partitioned parcels cannot each contain the attributes of the whole property.

We do not read *Wolflick* to preclude partition based on value. Nothing in *Wolflick* compels a finding of manifest prejudice where partition would result in the parties being allocated parcels with differing geographic features, or parcels whose sizes do not correspond directly to the parties' percentage interests. We discern no inconsistency with *Wolflick* in our conclusion that partition based on value may be ordered where there is an appropriate rationale for

doing so, which is not overcome by other factors. *Cf. Geary v. Kirksey,* 234 Ark. 325, 351 S.W.2d 846, 847 (1961) (partition by sale of narrow strips of land used as landing strips appropriate where land would be unusable if divided); *Wilcox v. Willard Shopping Center Assocs.,* 208 Conn. 318, 544 A.2d 1207, 1211 (1988) (court refused to order in-kind partition of shopping mall); *Friend v. Friend,* 92 Wash.App. 799, 964 P.2d 1219, 1222 (1998) (partition by sale appropriate where in-kind partition would result in parcels that violate zoning ordinances).

Moreover, in appropriate cases, partition based on value would further the statutory preference for partition in kind. § 38–28–107; *Benson v. Nelson,* 725 P.2d 71, 72 (Colo.App. 1986) (land has long been deemed unique, and money is an inadequate substitute); *see also Thompson on Real Property* 537 (David A. Thomas ed., 1994) (majority of states hold that, in determining whether great prejudice exists, question is not which alternative would provide optimal economic value or maximum functional use; resultant parcels need not be the economic, functional, or aesthetic equivalent of the original parcel); 2 *American Law of Property* § 6.26, p. 114 (A. James Casner ed., 1954) (if the circumstances are such that a fair division cannot be made by assigning to each party his or her fair share in the value of the property, partition by sale may be used).

However, the decision to partition in kind based on value must be made on a case-by-case basis. We recognize that in some cases, manifest prejudice might be shown where such a partition would leave one of the former cotenants in sole possession of an indivisible and particularly significant feature of the property.

### B. Manifest Prejudice

█ We will not reverse a trial court's findings of fact unless they are "so clearly erroneous as not to find support in the record." *Page v. Clark,* 197 Colo. 306, 313, 592 P.2d 792, 796 (1979).

The trial court's finding here that partition in kind would not result in manifest prejudice to the parties is supported by the record. Although the land could not be divided so that all parcels had access to all the features of the entire property, the property was divisible into parcels whose values reflected the parties' ownership interests. The commissioner's recommendation provided each party with a parcel whose value corresponded to her individual interest in the entire property. No sufficiently unusual features were shown to make division of the land impracticable, nor did the partition reduce its value. Therefore, we uphold the trial court's ruling that partition would not result in manifest prejudice.

### III. Allocation of Additional
### 40 Acres to Caldwell

█ Finally, we address Mossman's contention on appeal. She argues that the trial court abused its discretion when, contrary to the commissioner's recommendation, it awarded Caldwell an additional 40–acre parcel without also awarding Mossman another 40–acre parcel to compensate her for the value of the parcel lost to Caldwell. We agree.

█ The court may, at any time, make such orders as it may deem necessary to promote the ends of justice to completely adjudicate every question and controversy concerning the title, rights, and interests of all parties in an action for partition. § 38–28–110, C.R.S.2009. However, a court's function when deciding a partition action is to sever the unity of possession owned by the tenants, not to create new interests in property. Once the property has been divided, the court may then modify the division to reach an equitable result by computing the contribution of each owner and offsetting any amount owing against the owners' shares. *Keith v. El–Kareh,* 729 P.2d 377, 379 (Colo. App.1986).

At trial, the commissioner testified about a number of potential ways the property could be partitioned and allocated to the parties. He recommended that certain land be allocated to Caldwell. To solve access problems to that land, he suggested that the court could swap a 40–acre parcel he had designated for Mossman with a 40–acre parcel of identical value that he had designated for

Caldwell. This swap would have provided Caldwell with access to her property over BLM land without creating any inholdings and without disturbing the percentage of the property's total value given to each party.

The trial court rejected the commissioner's suggested parcel swap. Instead, after finding that the property could be partitioned in kind based on value, it awarded Caldwell the additional 40–acre parcel without an offsetting award to Mossman. The court stated that it gave the additional land to Caldwell as "a reasonable setoff for purposes of lack of a short legal access." Though it recognized that this allocation would result in a smaller parcel being awarded to Mossman, it considered the allocation justified because she would receive the entire headquarters parcel. We conclude this allocation was an abuse of the trial court's discretion because, once the trial court determined partition based on value was appropriate, its allocation failed to correspond to that determination.

The award of the additional 40 acres to Caldwell was not de minimis. Without the court's additional 40–acre award to Caldwell, McNamara and Caldwell would each have received parcels valued at $520,000, reflecting their 25% interests in the property. Mossman would have received a parcel worth $1,040,000, reflecting her 50% interest in the property. Because of the additional award, Caldwell received property worth $600,000, McNamara received property worth $520,000, and Mossman received property worth $960,000.

By granting Caldwell the additional land, the court awarded McNamara 25%, Caldwell 29%, and Mossman 46% of the value of the land in issue, thus increasing Caldwell's share of the property's value by 4%. *Cf. Martinez v. Martinez,* 638 P.2d 834, 836 (Colo.App.1981) (court's function in partitioning land is to sever the unity of possession owned by tenants, not to create new interests in property). This allocation compromised the benefits that would otherwise have come from the court's allocation based on value.

McNamara and Caldwell's reliance on *Keith* is misplaced. *Keith* dealt with the equitable powers of a court to adjust a partition award based on contributions to the property and amounts owing on the property. 729 P.2d at 379. Here, no such issues were before the court.

There is no evidence in the record to support the court's divergence from the commissioner's recommended allocation of the property. The court's award unnecessarily resulted in an inequitable allocation of the property, and thus was an abuse of discretion.

The trial court's ultimate allocation of property to the parties is reversed, and the case is remanded for further proceedings on that allocation. In all other respects, the judgment is affirmed.

Judge WEBB and Judge CONNELLY concur.