[No. 31819-5-I.   Division One.   December 6, 1993.]

THE ESTATE OF THOMAS M. TELFER, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF SAN JUAN COUNTY, *Respondent.*

---

*Kenneth Hobbs* and *Stafford Frey Cooper & Stewart,* for appellant.

*Frederick C. Canavor, Prosecuting Attorney,* and *Paul McIlrath, Deputy,* for respondent.

FORREST, J. — The estate of Thomas Telfer appeals the San Juan Board of County Commissioners' (Board) denial of a permit to divide real property, arguing that an exemption to platting requirements is authorized for testamentary beneficiaries by state law. We reverse and remand.

Thomas Telfer died testate leaving real property on Orcas Island, San Juan County. His will, which was executed prior to his acquisition of the property in question, left the property equally to his three adult sons under the residuary clause. The estate requested that the San Juan County Planning Department (Department) allow division among his beneficiaries pursuant to RCW 58.17.040(3), which exempts from short plat requirements "[d]ivisions made by testamentary provisions, or the laws of descent". The Department denied the application. The estate appealed the decision to the Board, which affirmed. The Board's decision was upheld by the Superior Court for San Juan County. The estate appeals.

## DISCUSSION

This appeal presents one issue of law: May real property passing under the residuary clause of a will be divided among

the devisees without compliance with the short plat require-ments?[1] RCW 58.17.040(3) controls and reads as follows:

The provisions of this chapter shall not apply to:

. . . .

(3) Divisions made by testamentary provisions, or the laws of descent;

No Washington case interprets this paragraph of the stat-ute, nor is our attention called to any legislative history that would clarify the exact purpose of this section. Land use regulations are a significant and important function of local government. No persuasive reason is advanced why the Leg-islature would choose to let a person do by will what he cannot do while living, or would permit heirs to do what the decedent could not have done in his lifetime. On the other hand, the County in its brief did not identify any adverse impact on its land use policies and at oral argument was unable to do so. The estate concedes that the parcels result-ing from the division would remain subject to the normal zoning and building requirements. Nor does an examination of the other exemptions provide any guidance. Other excep-tions include divisions for burial plots; division of land into 5 acres or larger; industrial or commercial use or lease; divi-sions to alter or adjust boundary lines; and divisions for property included in one or more condominiums or owned by an association.[2] In the absence of any persuasive policy rea-son to guide the interpretation of the language in question, we turn to the words used and canons of construction.

The County contends that "[d]ivisions made by testamen-tary provisions" means that the will must specifically divide

---

[1]The estate also urges that the proceeding violated the appearance of fairness doctrine because the Board had before it a memorandum from the San Juan County Prosecutor supporting denial of the exemption. The issue is moot in view of our holding and, in any event, where a purely legal issue is present, appearance of fairness doctrine is inapplicable.

[2]RCW 58.17.040.

the property in question into discrete identifiable parcels. Viewed in isolation, the County's interpretation seems reasonable since the phrase "testamentary provisions" seems to contemplate some affirmative action, not mere passage of title pursuant to a residuary clause. However, the phrase must be interpreted in light of the balance of the section "or the laws of descent".

Laws of descent are those governing transmission of an intestate's real property.[3] Heirs take property by laws of descent as tenants in common. Creating a tenancy in common does not constitute a property division because it does not create new parcels. Statutes should not be interpreted in such a manner as to render any portion meaningless, superfluous or questionable.[4] To give substantive meaning to the phrase "[d]ivisions made by . . . the laws of descent", the property held in tenancy in common resulting from intestacy must be divisible into separate parcels without complying with the platting requirements. Under this reading, "divisions" does not mean that the property is legally divided ipso facto by the laws of descent, but that the division, by agreement or partition action, which ensues following the operation of the laws of descent is exempt from platting requirements.

Given the meaning of "division" with regard to the laws of descent, established principles of statutory construction and normal rules of grammar require that "division" have the same meaning as applied to "testamentary provisions". That

---

[3]The County's argument to the contrary is unsupported by authority, and is unpersuasive. In the four Washington statutes in which the phrase appears, "laws of descent" denotes passage of property in the absence of a will. *See, e.g.,* RCW 11.12.120, .140. "Descent" has a clear legal meaning:

> [Descent] denotes the transmission of real estate, or some interest in real estate, on the death of its owner *intestate*; it is distinguished from the transmission of personal property, the title to which passes . . . by the rules of "distribution."

(Italics ours.) 23 Am. Jur. 2d *Descent and Distribution* § 2, at 756 (1983).

No coherent argument has been proffered that the Legislature meant "laws of descent" to take on some unspecified nontechnical meaning.

[4]*Avlonitis v. Seattle Dist. Court*, 97 Wn.2d 131, 641 P.2d 169 (1982).

is, a will need not divide the property into separate parcels, but a division of the property by those taking under the residuary clause may be made without complying with short plat requirements.

Legal title to property passing under a will's residuary clause upon completion of probate is held by the beneficiaries as tenants in common, exactly the same legal title that heirs take under the law of descent. We see no reason to believe the Legislature intended to treat one group differently from the other. Whatever policy considerations underlie the rights conferred upon heirs taking as tenants in common by the laws of intestacy would apply with equal force to those taking as tenants in common under a residuary clause.

Accordingly, we hold that the estate is entitled to divide the property into no more than three discrete parcels without meeting the requirements for a short plat. Although the issue is not directly presented, and was not argued, we emphasize that our holding is not to be understood as intimating that the parcels resulting from the division are exempt from any other land use regulations.

Reversed and remanded.

GROSSE and BAKER, JJ., concur.

Review denied at 123 Wn.2d 1028 (1994).