[No. 39526-2-I.   Division One.   January 20, 1998.]

GEORGE J. TOULOUSE, JR., *Appellant*, v. THE BOARD OF COMMISSIONERS OF ISLAND COUNTY, *Respondent*, TERESA A. TOULOUSE, ET AL., *Appellants*.

*Patrick G. Toulouse* and *Marlin L. Vortman* of *Vortman & Feinstein*, for appellants.

*William H. Hawkins, Prosecuting Attorney*, and *David L. Jamieson, Jr., Deputy*, for respondent.

AGID, J. — George J. Toulouse, Jr., as personal representative for the Estate of Ardyce M. Toulouse (the Estate), and her five children, beneficiaries under the residuary clause of her will, brought this declaratory judgment action challenging Island County's refusal to recognize the "testamentary division" of property distributed to the Toulouse children under the will. Because the steps necessary to effectuate that subdivision exceeded the scope of the pertinent exception to the requirement that County approval be obtained before property can be subdivided, we affirm the trial court's grant of summary judgment to the County.

## FACTS

When Ardyce M. Toulouse died on March 15, 1979, she owned an undivided one-fourth interest in a 10-acre parcel of real property located at Penn Cove on Whidbey Island. Her husband, George J. Toulouse, Jr., also owned an undivided one-fourth interest in the property. B.L. Burroughs and his wife owned the remaining undivided one-half interest in the property.

On her death, Ardyce Toulouse's undivided one-fourth interest in the property passed into her probate estate. Her

will appointed George as personal representative of her estate and trustee of the trust created by the residuary clause. The trust estate was to be distributed to her five children in equal shares when her youngest son, Patrick Toulouse, was 30 years old.

On December 31, 1987, George deeded his undivided one-fourth interest in the property to his five children. On April 27, 1989, the Toulouse children purchased the Burroughs' undivided one-half interest in the property from the Burroughs' estate. Patrick turned 30 in 1991. In 1994, George and his children had the property surveyed and divided it, allocating approximately 2.5 acres to the Estate and 7.5 acres to the five Toulouse children as tenants in common. On December 29, 1994, George, as personal representative of the Estate, issued quitclaim deeds distributing the 2.5 acres allocated to the Estate in five separate parcels, each approximately .5 acres, to the five children. The remainder of the property was not conveyed and the five Toulouse children continued to hold it as tenants in common.

On December 30, 1994, George tried to record the deeds conveying the five separate .5 acre parcels and the survey on which they were based. Island County challenged the validity of his testamentary division of the property. George then filed this declaratory judgment action arguing that the testamentary division of the Estate's one-fourth interest in the property was valid under *Estate of Telfer v. Board of County Comm'rs*, 71 Wn. App. 833, 862 P.2d 637 (1993), *review denied*, 123 Wn.2d 1028 (1994). Both sides moved for summary judgment. The court granted summary judgment to Island County, concluding that *Telfer* did not apply to the facts of this case.[1]

## DISCUSSION

The facts are not in dispute. At issue is how the

---

[1] The superior court also held that subdivision was not exempt under RCW 11.76.050, but Toulouse does not appeal this aspect of the court's decision. While Toulouse suggests in his brief that the remaining 7.5 acres are also exempt from the requirements of RCW 58.17.030 on a different basis, that issue was not raised below and is therefore not before us on appeal.

relevant statutes apply to those facts.[2] RCW 58.17.030 requires that any subdivision of property comply with the requirements for approval of plats and subdivisions before any division of the property may be recorded. Under RCW 58.17.040(3), however, "[d]ivisions made by testamentary provisions, or the laws of descent" are exempt from this requirement. In *Telfer*, we held that this means that undivided property received under the residuary clause of a will may be divided among the devisees into separate parcels without complying with platting requirements. Toulouse contends that, because the division of property here was made by testamentary division, it too is exempt from the requirements of RCW 58.17.030 under RCW 58.17.040(3).

*Telfer*, however, is distinguishable. In *Telfer*, the decedent was the sole owner of the property he left to his three sons under the residuary clause of his will. Thus, all that was necessary to effectuate the division of property was for the estate to divide it in a manner consistent with the testamentary provision. And in *Telfer* we expressly noted that the partition did not create any parcels except the three created under the testamentary provision. Here, in contrast, the agreement among the cotenants resulted in creating a sixth parcel which is entirely outside the scope of the testamentary provision.

Under *Telfer*, the only property that could qualify for exemption from the platting requirements was Ardyce's one-fourth undivided interest. But here, before the property could be subdivided, the Toulouse children had to either acquire the interest of the other tenants in common or to obtain their agreement to partition the property. A tenant in common cannot convey her *fractional* undivided interest in a parcel of property so as to divide it into sepa-

---

[2]*Tollycraft Yachts Corp. v. McCoy*, 122 Wn.2d 426, 431, 858 P.2d 503 (1993) (where facts relevant to appeal are not in dispute and lower court's decision involved only questions of law, review is de novo).

rate lots.[3] Thus, the only way that Ardyce's one-fourth undivided interest could be converted into six separate parcels—the five .5 acre parcels deeded to the Toulouse children by the Estate and a sixth 7.5 acre parcel—was by the joint action of all the cotenants. Had it not been possible either to acquire the interest of the other cotenants or otherwise to obtain their agreement to divide the property, the property could not have been partitioned. It is that additional step requiring joint action by all the cotenants before partition can occur that takes this case beyond the scope of the exemption in RCW 58.17.040(3): it is no longer merely a division of the real property made by testamentary provision. Because more than the testamentary provision alone was required to partition the property in this case, RCW 58.17.040(3) did not exempt the subdivision from the requirements of RCW 58.17.030.

■ The problem here is that only part of the property was acquired by the laws of descent. That will not always be the case even though parts of a parcel are in separate ownership. For example, if two parents' wills provide that their children are to receive that parent's undivided interest in a parcel they own jointly and the children do not try to divide the property before the entire property has passed to them by devise and is thus in united ownership, there is no reason why they could not use testamentary division to divide it among the devisees. Where the entire property is acquired by the laws of descent, however accomplished, and is owned by the heirs at the time they seek to divide it under the statute, neither the statute nor our opinion here would prevent such a division. But the heirs in this case did not acquire title to the entire previously-undivided parcel by the laws of descent. Instead, they purchased part of it and only then sought to take advantage of RCW 58.17.040(3) to avoid the protections given the public by the procedures established in the platting statute.

Affirmed.

---

[3]*Butler v. Craft Eng Constr. Co.*, 67 Wn. App. 684, 694, 843 P.2d 1071 (1992).

KENNEDY, A.C.J., and GROSSE, J., concur.