[No. 22908-1-II.   Division Two.   October 16, 1998.]

JOHN FRIEND, *Appellant*, v. NANCY E. FRIEND, *Defendant*, THURSTON COUNTY, *Respondent*.

*Jay A. Goldstein*, for appellant.

*Bernardean Broadous, Prosecuting Attorney*, and *Jeffrey S. Myers, Deputy*, for respondent.

HOUGHTON, C.J. — John Friend[1] and Nancy Friend sought and received a stipulated order to partition in kind two parcels of real property they owned as tenants in common. The partition resulted in nonconforming lot, and Thurston County (County) intervened in the action, arguing that the partition violated the County's zoning requirements. Both parties moved for summary judgment. After a hearing, the trial court granted the County's motion, vacated the stipulated order, found that partition in kind resulted in great prejudice to the parties, and ordered partition by sale under RCW 7.52.080.

Friend appeals, arguing that he has an absolute right to a partition in kind under RCW 7.52.010. We agree that Friend has a right to partition, but hold that partition may be in kind or by sale. Under the facts of this case, the trial court did not abuse its discretion in ordering partition by sale, and, therefore, we affirm.

## FACTS

At trial the parties stipulated to the following facts:

1. John Friend is the principal owner of a property development company, Friend & Friend Enterprises, Inc., operating in Thurston County.

2. On February 17, 1989, John Friend acquired an undeveloped

---

[1]John Friend brought the partition action against cotenant Nancy Friend. He is referred to in this opinion as Friend.

parcel of land on Summit Lake in Thurston County (the "Summit Lake Property"). On March 15, 1989, Nancy Friend quitclaimed her interest in the property to her husband John Friend.

3. On July 29, 1996, Friend & Friend Enterprises transferred ownership of an undeveloped parcel of land on Lake St. Clair in Thurston County (the "Lake St. Clair Property") to John and Nancy Friend.[2]

4. On March 24, 1994, John and Nancy Friend entered into a post nuptial agreement. An addendum thereto, dated March 10, 1996, transferred ownership of all of John and Nancy Friend's separate and community real property to the couple as tenants in common.

5. On December 19, 1996, in Thurston County Superior Court, plaintiff John Friend filed a partition action and a stipulated order dividing the Summit Lake and Lake St. Clair properties into two lots each.

6. The Summit Lake property is zoned Rural Resource Residential ("RRR-1/5"). Pursuant to local zoning, the minimum lot size for property within the RRR-1/5 district is five acres. Thurston County Code ("TCC") 20.09A.050(B). Only one dwelling unit per five-acre lot is permitted. TCC 20.09A.040. The Lake St. Clair property is located in the McAllister Springs Geologically Sensitive Area ("MGSA") zone. A minimum lot size of five acres is required in the MGSA zone. TCC 20.23.030(B)(1).

7. Friend's attempted partition of the Lake St. Clair and Summit Lake properties created four lots of less than five acres each.

8. The attempted partition was not submitted to Thurston

---

[2]The Lake St. Clair property was the subject of previous litigation between Friend and the County. The County alleges that in 1994, Friend and Friend & Friend Enterprises, Inc. attempted to circumvent local subdivision ordinances by transferring property to a divorcing couple while retaining an exclusive repurchase option. During dissolution, the couple requested the court to subdivide the property into eight parcels. At that time, the County subdivision ordinance exempted court-ordered divisions in dissolution cases (the exemption was subsequently repealed). As of a result of litigation, the attempted subdivision was declared unlawful. The property was ultimately divided into two lots, one of which is the Lake St. Clair property in dispute in this case.

County for review, as required by the local subdivision ordinance. TCC 18.04.030, 18.08.280.

The trial court found that Friend's attempted partition of the two properties constituted a short subdivision as defined by RCW 58.17.020(6). Because a partition in kind would have created lots that did not conform with local subdivision and zoning requirements, the trial court concluded that partition in kind would result in great prejudice to the owners and then ruled that only partition by sale was available under RCW 7.52.080.

## ANALYSIS
### Standard of Review

In reviewing a summary judgment order, an appellate court engages in the same inquiry as the trial court. *Marincovich v. Tarabochia*, 114 Wn.2d 271, 274, 787 P.2d 562 (1990); *Chamberlain v. Department of Transp.*, 79 Wn. App. 212, 215, 901 P.2d 344 (1995). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Marincovich*, 114 Wn.2d at 274. In this case, the parties stipulated to the facts. The only question is whether the County was entitled to judgment as a matter of law.

### The Right to Partition Property

Friend first contends that under RCW 7.52.010, he has an absolute right to a partition in kind. That statute permits persons who hold property as tenants in common to maintain an action "for a partition thereof . . . and for sale of such property, or a part of it, if it appear[s] that a partition cannot be made without great prejudice to the owners." RCW 7.52.010. The statute's sale provision permits the trial court to order partition by sale "if it appear[s] by the evidence . . . to the satisfaction of the court . . . that partition cannot be made without great prejudice to the owners." RCW 7.52.080.

■ A partition action is both a right and a flexible equitable remedy subject to judicial discretion. *See Anderson & Middleton Lumber Co. v. Quinault Indian Nation*, 130 Wn.2d 862, 873, 929 P.2d 379 (1996) (citing *Hamilton v. Johnson*, 137 Wash. 92, 100, 241 P. 672 (1925)); *Cummings v. Anderson*, 94 Wn.2d 135, 143, 614 P.2d 1283 (1980). The trial court is accorded great flexibility in fashioning relief under its equitable powers. *Id.* at 143 (citing *Leinweber v. Leinweber*, 63 Wn.2d 54, 56, 385 P.2d 556 (1963)).

■ The partition statute gives tenants in common the right to partition their property, *either* in kind *or* by sale. *See Huston v. Swanstrom*, 168 Wash. 627, 631, 13 P.2d 17 (1932). Partition in kind is favored wherever practicable. *Williamson Inv. Co. v. Williamson*, 96 Wash. 529, 535, 165 P. 385 (1917); *Hegewald v. Neal*, 20 Wn. App. 517, 522, 582 P.2d 529, *review denied*, 91 Wn.2d 1007 (1978). If partition in kind is not practicable, the statute authorizes a court to order partition by sale. That is, the owner's right to separate ownership of property is guaranteed by statute, *"even though it can be accomplished only through the channel of a sale." Huston*, 168 Wash. at 631 (emphasis added). Thus, a court may order partition by sale, whether or not the parties request it, provided satisfactory evidence demonstrates that the property or any part of it cannot be divided without great prejudice to the owners. RCW 7.52.080; *Hill v. Young*, 7 Wash. 33, 37, 34 P. 144 (1893). For example, partition by sale is appropriate where partition in kind would destroy the property's usefulness. *Hegewald*, 20 Wn. App. at 523.

Friend cites *Estate of Telfer v. Board of County Comm'rs*, 71 Wn. App. 833, 862 P.2d 637 (1993), *review denied*, 123 Wn.2d 1028 (1994), arguing that real property may be divided among devisees of a will without compliance with the short plat statute. But that holding is based upon a section of the short plat statute that exempts divisions made by the laws of descent. RCW 58.17.040(3); *see Telfer*, 71 Wn. App. at 835-36. There is no similar exemption for divi-

sions made in partition actions. Moreover, the court in *Telfer* "emphasize[d] that our holding is not to be understood as intimating that the parcels resulting from the division are exempt from any other land use regulations." *Telfer*, 71 Wn. App. at 837. Among those other land use regulations are lot size restrictions. Thus, *Telfer* supports the conclusion that divisions made under the partition statute are not exempt from land use regulations.[3]

■ As noted, the trial court is accorded broad discretion in fashioning an equitable remedy. *Cummings*, 94 Wn.2d at 143. Here, the trial court found great prejudice to the owners because the properties could not be legally divided under the County's zoning and subdivision ordinances. We agree. Cotenants have a statutory right to partition their property in kind, if such a division is practicable, or by sale, if it is not. Here, the division conflicts with local zoning and subdivision requirements and is prejudicial to the parties. Under these circumstances, partition by sale is the

---

[3]Friend advances several theories of why the partition statute should not be subject to subsequent zoning and subdivision statutes. All of his arguments are without merit.

First, he asserts that because statutes that derogate the common-law right of an owner to use private property so as to realize its highest utility must be strictly construed, *Morin v. Johnson*, 49 Wn.2d 275, 279, 300 P.2d 569 (1956), partition actions should be exempt from other land use regulations. Friend fails to note that the right to partition property derives from statute. *See* RCW 7.52.010. Furthermore, Friend has made no showing that dividing his property would enhance its utility.

Next, he contends that the subdivision statute does not apply to partitions. The statute covers division of land "for the purpose of . . . transfer of ownership." RCW 58.17.020(1), (6). Friend argues that partitions do not transfer ownership, but merely separate the co-owners' interests in the property. But the purpose of partition is to transfer property ownership from cotenants to individuals. *Cf. Hegewald*, 20 Wn. App. at 523.

Friend also argues that because the subdivision statute does not expressly subject cotenancies to local regulation, the statute should be strictly construed as not encompassing partitions. As noted above, partition is a statutory right, thus strict construction is not required. Furthermore, partitions were expressly removed from the list of statutory exemptions to the subdivision act. *See* Laws of 1973-74, 1st Ex. Sess., ch. 134, § 4.

Friend further contends that the County's zoning and subdivision regulations are preempted because they conflict with the general partition statute. Friend incorrectly characterizes the County's land use regulations as arising under its police powers rather than being statutorily authorized.

appropriate remedy. The trial court did not abuse its discretion.

Affirmed.

MORGAN and BRIDGEWATER, JJ., concur.

Reconsideration denied November 13, 1998.

Review denied at 137 Wn.2d 1030 (1999).