[No. 27390-3-III.   Division Three.   May 14, 2009.]

*In the Matter of the Marriage of* CRAIG M. BUCHANAN, *Appellant*, and CAROLYN J. BUCHANAN, *Respondent*.

*Ronald K. McAdams* (of *McAdams Ponti Wernette & Van Dorn*), for appellant.

*Brandon L. Johnson* (of *Minnick Hayner, PS*), for respondent.

[As amended by order of the Court of Appeals July 21, 2009.]

¶1 Brown, J. — Craig M. Buchanan appeals the trial court's postdissolution clarification decision (1) ordering him to designate his former wife, Carolyn J. White, as military Survivor Benefit Plan (SBP) beneficiary; (2) awarding $16,210 in unnecessarily incurred medical ex-

penses; and (3) ordering $8,704 in attorney fees for Mr. Buchanan's intransigence in failing to notify Ms. White of his receipt of military pension payments. We affirm except for a $4,128 reduction in the medical-expense damages for the time when Ms. White had medical coverage under an employer-sponsored health plan according to 10 U.S.C. § 1072(2)(F).

## FACTS

¶2 The parties married in January 1964 and divorced in January 1990. Mr. Buchanan served in the Army on both active and reserve duty throughout most of the marriage. In the decree of dissolution, the court awarded Ms. White "one-half interest in the community portion of [Mr. Buchanan's] disposable military retirement pay." Clerk's Papers (CP) at 11. The court ordered that the pension's division would be "made and paid at such time as [Mr. Buchanan's] military retirement reaches pay status (age 60 for [Mr. Buchanan])." *Id.*

¶3 In June 2004, Mr. Buchanan qualified for and began receiving military retirement benefits but did not notify Ms. White. In March 2007, Ms. White learned of the benefits and contacted Mr. Buchanan. Unsure how to divide the pension, Mr. Buchanan moved to clarify the decree, then Ms. White asked to clarify to award her past due pension benefits, damages, and attorney fees. The damages included reimbursement for unnecessarily incurred medical insurance. Most of the premiums were paid to a self-employed health insurance plan, but a portion of the premiums were to an employer-sponsored plan.

¶4 Further, Ms. White asked to be named as beneficiary under the military's SBP, an annuity paid to the surviving spouse after the death of an individual serving in the military. 10 U.S.C. § 1450. Mr. Buchanan opposed this designation, arguing that it was too late under military rules for such designation and that he appropriately designated his current spouse as the beneficiary.

¶5 Following a hearing, the court ruled in favor of Ms. White, clarifying the decree and awarding her $16,210 in damages and $8,704 in attorney fees. The damages included reimbursement for all insurance premiums paid during the time in question. The court also ordered Mr. Buchanan to designate Ms. White as the SBP beneficiary. Mr. Buchanan appealed.

## ANALYSIS

### A. Survivor Benefit Plan Designation

¶6 The issue is whether the trial court erred in ordering Mr. Buchanan to designate Ms. White as the SBP beneficiary. He contends Ms. White is ineligible for the designation because it was not made within one year of dissolution.

¶7 We review the trial court's dissolution orders, including property division, for abuse of discretion. *In re Marriage of MacDonald*, 104 Wn.2d 745, 751, 709 P.2d 1196 (1985). A court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or reasons. *In re Marriage of Fiorito*, 112 Wn. App. 657, 663-64, 50 P.3d 298 (2002). Military pensions are property subject to division by a dissolution court. *Payne v. Payne*, 82 Wn.2d 573, 575-76, 512 P.2d 736 (1973). Trial courts have broad discretion in distributing property and liabilities in marriage dissolution proceedings. RCW 26.09.080. "[T]rial court decisions in marital dissolution proceedings are rarely changed on appeal." *In re Marriage of Williams*, 84 Wn. App. 263, 267, 927 P.2d 679 (1996).

¶8 "[P]roperty not disposed of by the divorce court is held by the parties as tenants in common." *Martin v. Martin*, 20 Wn. App. 686, 688, 581 P.2d 1085 (1978). Likewise, a surviving spouse military plan not disposed of in a divorce decree is owned by the former spouses as tenants in common. *Barros v. Barros*, 34 Wn. App. 266, 269, 660 P.2d 770 (1983). Unlike here, if a former spouse is aware of a benefit and does not assert a right, then the interest can be

relinquished or waived. *Martin*, 20 Wn. App. at 690-91. Our record does not show that Ms. White knew of the SBP designation. Moreover, the trial judge, who presided over the original dissolution proceeding and the clarification proceeding, concluded that the SBP designation was simply omitted.

¶9 Turning to whether the SBP designation was valid, the trial court has broad discretion in fashioning a remedy for undisposed property. *Friend v. Friend*, 92 Wn. App. 799, 803, 964 P.2d 1219 (1998) (citing *Cummings v. Anderson*, 94 Wn.2d 135, 143, 614 P.2d 1283 (1980)); *see Leinweber v. Leinweber*, 63 Wn.2d 54, 56, 385 P.2d 556 (1963) (the court provides relief according " 'to its own notions of general justice and equity between the parties' " (quoting 2 JOSEPH STORY, COMMENTARIES ON EQUITY JURISPRUDENCE 269 (14th ed. 1918))). Under 10 U.S.C. § 1450(f)(4), the court may order "a person to elect . . . to provide an annuity to a former spouse." A former spouse has one year from the filing of the court order to protect his or her designation right even if the military spouse fails to make the court-ordered designation. 10 U.S.C. § 1450(f)(3)(C).

¶10 In deciding the SBP designation issue, the trial court followed 10 U.S.C. § 1450(f)(4) and ordered Ms. White be the designated beneficiary. This was within the court's discretion. Mr. Buchanan, however, argues a SBP designation may be made only within one year of dissolution based on 10 U.S.C. § 1448(b)(3)(A)(iii). But, this section relates to an agreement between divorcing spouses who are currently benefiting under the plan. In 1990, Mr. Buchanan was not benefiting under the plan. Furthermore, the parties did not agree to an election. Therefore, Mr. Buchanan's reliance on this statute is misplaced.

¶11 Based on Washington case law and federal statute, the trial court had tenable grounds to order Mr. Buchanan to designate Ms. White as the beneficiary under the military's SBP. There was no abuse of discretion.

¶12 Lastly, on this issue, Mr. Buchanan argues the trial court's actions amount to setting aside the final decree

without a CR 60 motion. Ms. White counters that this issue cannot be raised for the first time on appeal. Assuming this issue is properly before this court, under CR 60(b), a party may seek relief from a judgment or order for such circumstances as mistake, inadvertence, or excusable neglect. But here, both parties sought decree clarification regarding military benefits. Thus, the trial court properly considered the issue based on the parties' motions.

## B. Medical Expense Reimbursement

¶13 The issue is whether the trial court erred by abusing its discretion in awarding Ms. White damages for unnecessarily incurred medical expenses. Mr. Buchanan contends Ms. White knew she qualified for military medical benefits once he reached the age of 60 and should not be reimbursed for voluntarily incurred expenses.

¶14 We review a trial court's decision to award damages for abuse of discretion. *Banuelos v. TSA Wash., Inc.*, 134 Wn. App. 603, 613, 141 P.3d 652 (2006). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). The basis of a damages award may rest in equity. *Zastrow v. W.G. Platts, Inc.*, 57 Wn.2d 347, 350, 357 P.2d 162 (1960). Intransigence is "a recognized equitable ground." *In re Marriage of Greenlee*, 65 Wn. App. 703, 708, 829 P.2d 1120 (1992). "[A] person must come into a court of equity with clean hands." *Pierce County v. State*, 144 Wn. App. 783, 832, 185 P.3d 594 (2008) (citing *Income Investors, Inc. v. Shelton*, 3 Wn.2d 599, 602, 101 P.2d 973 (1940)).

¶15 Mr. Buchanan knew the trial court awarded Ms. White a portion of his military benefits, but he chose not to notify her even though the court ordered the benefits to be divided "at such time as [Mr. Buchanan's] military retirement reaches pay status." CP at 11. Nearly three years elapsed and Ms. White had no burden to initiate action. This makes sense because Mr. Buchanan was in contact with the

military and presumably played some role in deciding when to elect retirement benefits. Ms. White reasonably maintained her own health benefits and paid her own expenses until notified of a benefits change. Based on these facts, the trial court could properly find intransigence.

¶16 Mr. Buchanan next argues Ms. White should not have recovered health insurance premiums paid to an employer-sponsored insurance plan because she would not have qualified for military benefits during this time. Mr. Buchanan does not elaborate on this issue and Ms. White does not reply. Although we do not know if this issue was raised below, the record does contain a copy of a professional journal explaining benefits for former spouse's eligibility when covered by employer-sponsored plans. We have inherent authority to consider all issues necessary to reach a proper decision. *Shoreline Cmty. Coll. Dist. No. 7 v. Employment Sec. Dep't*, 120 Wn.2d 394, 402, 842 P.2d 938 (1992).

¶17 10 U.S.C. § 1072(2)(F) defines a "dependent" for military medical and dental benefit purposes as "the unremarried former spouse of a member or former member who (i) on the date of the final decree of divorce, dissolution, or annulment, had been married to the member or former member for a period of at least 20 years during which period the member or former member performed at least 20 years of service . . . and (ii) *does not have medical coverage under an employer-sponsored health plan.*" (Emphasis added.) During the period of May 1, 2005 through July 31, 2006, Ms. White received medical coverage under an employer-sponsored health plan. The trial court permitted her to recover this plan's insurance premiums. Yet, she would not have qualified as a dependent to receive military benefits during this time under 10 U.S.C. § 1072(2)(F). Because the court did not have tenable grounds to make this award under federal law, the judgment should be reduced by $4,128 for that portion of the damages award.

¶18 As an additional ground to affirm, Ms. White argues Mr. Buchanan's actions constitute contempt of the original decree. Based on our conclusion that the trial court did not err in ordering reimbursement of medical expenses, we need not address this argument.

## C. Attorney Fees

¶19 Mr. Buchanan contends the trial court's $8,704 attorney fee award to Ms. White should be reversed because the court failed to segregate the fees actually incurred due to his intransigence.

¶20 Trial courts have authority to award attorney fees and expenses in marriage dissolution proceedings both at trial and on appeal. RCW 26.09.140. "An award of attorney's fees rests with the sound discretion of the trial court, which must balance the needs of the spouse requesting them with the ability of the other spouse to pay." *Kruger v. Kruger*, 37 Wn. App. 329, 333, 679 P.2d 961 (1984). An important consideration, apart from the relative abilities of the two spouses to pay, is the extent to which one spouse's intransigence caused the spouse seeking the award to require legal services. *In re Marriage of Burrill*, 113 Wn. App. 863, 873, 56 P.3d 993 (2002). Here, the trial court awarded attorney fees based on intransigence.

¶21 Mr. Buchanan chose to conceal retirement benefit information, causing Ms. White to incur unnecessary medical expenses. Because these proceedings stem from Mr. Buchanan's actions, the trial court acted within its discretion in deciding not to segregate the attorney fees.

¶22 Mr. Buchanan requests attorney fees on appeal in the last sentence of his opening brief. Under RAP 18.1, a party is entitled to recover reasonable attorney fees on appeal if (1) applicable law grants the party a right to recover fees and (2) the party devotes a section of its brief to the request. Because Mr. Buchanan fails to cite applicable law creating a right to recover attorney fees and to devote a section of his brief to the request, we deny his request.

¶23 Ms. White requests attorney fees under RCW 26.09.140. To award attorney fees on appeal, this court examines "the financial resources of the respective parties." *In re Marriage of Griffin*, 114 Wn.2d 772, 779, 791 P.2d 519 (1990). Neither party has filed an affidavit of financial need/inability to pay as required under RAP 18.1(c). Therefore, Ms. White's request is denied.

¶24 Affirmed but remanded to reduce damages by $4,128 as specified above.

SCHULTHEIS, C.J., and KORSMO, J., concur.

After modification, further reconsideration denied July 21, 2009.