# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DENISE E. FERRY, an individual,<br><br>      Respondent,<br><br>   v.<br><br>ROBERT L. EVANS, an individual,<br><br>      Appellant,<br><br>ALLISON SHERMAN EVANS, an individual,<br><br>      Respondent. | No. 70918-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br><br><br>FILED: December 22, 2014 |

APPELWICK, J. — Denise, Robert, and Allison each own one-third shares in two lots on Lake Sammamish. Denise sought to liquidate her interest in one of the lots, a valuable piece of waterfront property. She moved for partition by sale, because physical partition would violate local zoning ordinances. Allison joined Denise's motion. Robert opposed the motion. He sought to combine the waterfront lot with the second lot—a separate, less valuable piece of property nearby—and physically partition the two lots into three parcels. The trial court ruled in Denise and Allison's favor.

Robert appeals. He argues that the trial court erred when it did not consider the two lots together. In the alternative, he asserts that the trial court should have physically partitioned the waterfront lot into three lots, rather than ordering it to be sold. He further contends that the trial court erred in ordering the sale to be performed in a commercially reasonable manner, rather than by auction. We affirm.

## INTRODUCTION

We are asked to determine whether the trial court correctly applied the partition statute, chapter 7.52 RCW. Under the statute, a person who holds real property as a tenant in common with others has the right to partition of the property. RCW 7.52.010; Friend v. Friend, 92 Wn. App. 799, 802, 964 P.2d 1219 (1998). A partition action is both a right and an equitable remedy subject to judicial discretion. Friend, 92 Wn. App. at 803. The trial court has great flexibility in fashioning relief under its equitable powers. Id. There is a presumption in favor of physical partition. Id. However, a court may order partition by sale if there is evidence to the satisfaction of the court that physical partition cannot be made without great prejudice to the owners. RCW 7.52.080. The court may appoint one or more referees to direct the sale. RCW 7.52.080.

## FACTS

Three siblings—Denise Ferry, Robert Evans, and Allison Evans—each own a one-third interest as tenants in common in a piece of waterfront property along Lake Sammamish (Waterfront Lot). The Waterfront Lot consists of 16,685 square feet. It has 300 feet of shoreline and a one room wood cabin. The siblings inherited the Waterfront Lot from their parents, and it has been in the family for generations. Growing up, the siblings used the cabin for family activities and gatherings.

Denise and Allison now both live in California.[1] As a result, their use of the cabin has greatly diminished. Robert resides in Washington and continues to use the cabin for recreation and gatherings with family and friends.

---

[1] We refer to the parties by their first names for clarity. No disrespect is intended.

2

In 2008, Denise and Allison indicated that they wanted to sell their interest in the Waterfront Lot. Since their mother's death in 2006, the sisters no longer make regular visits to the cabin. Denise was concerned that the property was not being properly maintained or insured in their absence. In addition, Denise, who is now in her early 70s, needed her share of the inheritance to pay her immediate financial obligations. She proposed that the property be sold to a third party or that Robert could purchase his sisters' shares. At the time, the estimated value of the Waterfront Lot was roughly $900,000. To free up cash to compensate the sisters, Denise suggested that the siblings sell a second piece of property, which they also owned as tenants in common. The second piece of property is a 63,048 square foot undeveloped lot above the lake (Upper Lot).

Robert offered his sisters no more than $250,000 each and a life estate in the property to purchase their shares in the Waterfront Lot. That amount was below fair market value. Denise felt that a life estate was of no use to her, because she lived in California. The siblings did not come to a successful agreement over the next several years.

On April 17, 2013, Denise brought a partition action against Allison and Robert seeking partition by sale of the Waterfront Lot. Denise's complaint alleged that physical partition would result in great prejudice, because the Waterfront Lot was too small to be legally divided under local ordinances.

On May 20, Allison filed an answer and cross claim joining Denise in seeking partition by sale of the Waterfront Lot. Allison stated that it was in her and Denise's best

interests to sell the Waterfront Lot, but that Robert refused to discuss selling the property to a third party.

On June 6—seven weeks after filing her initial complaint—Denise moved to appoint a referee to manage the partition by sale of the Waterfront Lot. Robert had not yet responded to Denise's complaint.[2] Allison joined Denise's motion in relevant part.

On June 10, Robert moved to strike Denise's motion to appoint a referee as an improperly noted dispositive motion. He asserted that he was entitled to more time to present his defense and that oral argument was required.

On June 14, Robert filed an answer and counterclaim to Denise's complaint. He requested that the court consider the Waterfront Lot together with the Upper Lot. The Waterfront Lot and the Upper Lot are close in proximity but are separated by a two lane road, a bike trail, a green belt, and a third party tax parcel. Robert asked that the two lots be physically partitioned to create three separate lots. He sought to retain the Waterfront Lot for himself. The Upper Lot is valued between $273,000 and $650,000. The Waterfront Lot is valued between $1,116,000 and $2,000,000.

The court denied Robert's motion to strike but set Denise's motion to appoint a referee for oral argument on August 30, 2013.

On July 25, Robert filed a response to Denise's motion. He repeated his request that the lots be considered together and physically partitioned. He further requested additional time for discovery on how and whether the property could be partitioned.

---

[2] It appears from the record that Denise did not move for default judgment. The record is silent on whether Robert had filed a notice of appearance at that point in time.

On August 30, the court heard argument on the motion to appoint a referee. Denise asserted that sale of the Waterfront Lot was proper, because it could not be legally subdivided under city code. She further argued that the lots should not be considered together, because they are not contiguous and could not be divided fairly. Robert asserted that the court could direct unequal partition of the land and adjudge compensation to the siblings who received an inferior share. When the court inquired about Robert's ability to compensate his sisters, his counsel said "there has been a willingness on the part of my client to pay compensation to try to preserve this cabin in the family." Counsel did not provide further specifics as to Robert's ability to pay, nor did he address Robert's prior unwillingness to pay fair market value for his sisters' shares.

Robert also proposed that the court could physically subdivide the Waterfront Lot into three lots. He moved to introduce maps from the King County website, which displayed lots in the surrounding area that were smaller than the city code minimum. Denise objected to the maps' introduction. The court sustained, noting that, "without knowing specifically about this case, I know generally that there are many historical reasons why lots are bigger or smaller and that lot sizes have historically been created larger and larger as the Growth Management Act[3] came in. I have no idea how that applies here."

In addition, Robert requested a continuance to conduct additional discovery to find out if a variance was possible. He maintained that he had insufficient time to conduct discovery on "whether the attorney representation about the lot size requirement is even true." Denise opposed Robert's motion for additional discovery. She noted that the sole

---

[3] Chapter 36.70A RCW.

5

issue in her complaint was the inability to subdivide the Waterfront Lot based on local zoning ordinances. She further observed that Robert had almost 20 weeks since she filed her complaint, during which he could have conducted discovery on the zoning ordinances.

On September 17, 2013, the court granted Denise's motion to appoint a referee to manage the sale of the Waterfront Lot. The court's order stated that, as "alleged in the Complaint and established by evidence to the satisfaction of the Court, the [Waterfront Lot] is so situated that partition in kind cannot be made without great prejudice to the co-owners." The court ordered the referee to sell the Waterfront Lot in a commercially reasonable manner. The order did not address the Upper Lot or Robert's request for additional time for discovery. Robert appeals.

DISCUSSION

Robert argues that the trial court erred in ordering partition by sale of the Waterfront Lot. He maintains that the trial court should have included the Upper Lot in the partition. In the alternative, he asserts that the trial court erred in ordering sale of the Waterfront Lot, rather than physical partition. This is so, he contends, because the trial court improperly restricted his presentation of evidence to support physical partition.

I.    Exclusion of Upper Lot

In a partition action, the trial court has the discretion to consider multiple lots together. See, e.g., von Herberg v. von Herberg, 6 Wn.2d 100, 122-23, 106 P.2d 737 (1940). In von Herberg, the trial court considered multiple commonly owned properties together in one action. Id. at 120-21. The court allocated the properties such that the parties did not receive an equal amount of square footage. Id. at 120. Instead, the court

6

divided the property based on each party's responsibility for shared debts, their respective earning potential, and encumbrances on the property. Id. at 120-21. The Washington Supreme Court affirmed, noting that courts may treat separate properties as one estate for the purpose of division and allotment when no injustice results. Id. at 124. There, the trial court's division was equitable, because it "enable[d] each cotenant to receive property in exact proportion and value to his or her respective interest in the commonly owned property." Id.

Physically partitioning the lots as Robert proposes—awarding him the Waterfront Lot and dividing the Upper Lot between Denise and Allison—would result in a vastly unequal allocation of property value. Robert asserts that the court could remedy this inequality by ordering compensation to the party or parties who receive a lesser share. When property cannot be fairly divided, the trial court may adjudge compensation to be made by one party to another. RCW 7.52.440; In re Marriage of Wintermute, 70 Wn. App. 741, 745, 855 P.2d 1186 (1993). This creates an equitable lien on the property in the nature of a vendor's lien. See Wintermute, 70 Wn. App. at 745,

Although Robert stated that he was willing to compensate his sisters, he offered no evidence that he was able to do so. In fact, as the trial court noted, this action apparently arose from Robert's inability or refusal in 2008 to purchase his sisters' interests at fair market value. And, fair market value has substantially increased since that time. The trial court is permitted, but not obligated, to consider two lots together in a partition action. See, e.g., Friend, 92 Wn. App. at 803. Here, the equities are not so strong in

7

Robert's favor that we can say the trial court abused its discretion when it declined to consider the two lots together.[4]

II.   Great Prejudice from Physical Partition

Robert maintains that, even if the Waterfront Lot is considered alone, the trial court erred in ordering a partition by sale, rather than a physical partition.

Due to the presumption in favor of physical partition, the trial court could order partition by sale only if it found that physical partition would result in great prejudice to the siblings. See RCW 7.52.080. Physical partition results in great prejudice if it greatly reduces the value of the cotenants' interests or destroys the property's usefulness. Hegewald v. Neal, 20 Wn. App. 517, 526-27, 582 P.2d 529 (1978); Friend, 92 Wn. App. at 803. For example, in Friend, the landowners sought to physically partition two plots of land into four subplots, each of which would be smaller than the minimum size under local zoning laws. 92 Wn. App. at 801. The county intervened, arguing that physical partition violated its zoning requirements. Id. at 800. The trial court ruled in favor of the county. Id. at 802. The Court of Appeals affirmed, finding that the conflict with local zoning requirements prejudiced the landowners. Id. at 804-05. Under those circumstances, partition by sale was the appropriate remedy. Id.

Here, the Sammamish Municipal Code (SMC) provides that shoreline lots created through subdivision shall have a minimum size of 12,500 square feet. SMC

---

[4] Robert argues that the court erred in "completely ignoring" the Upper Lot. However, Robert did not ask the trial court to independently partition the Upper Lot. Thus, the court was not required to specifically address it. We further note that, had the court exercised its discretion to combine the two lots for partition, it also had the discretion to determine which parcel went to which sibling. See von Herberg, 6 Wn.2d at 123 ("'[N]o party has a right to insist that his share or purpart be allotted to him wholly out of one of several parcels or tracts.'" (quoting C.J. Partition § 585, at 503 (1929))).

25.07.080(6)(b). The Waterfront Lot is 16,685 square feet in size. It cannot be subdivided in compliance with city zoning code. The trial court thus found that physical partition would result in great prejudice.

Robert argues that this was error, because local zoning does not constrain the court's mandate to physically subdivide property under the partition statute. But, Friend established that "divisions made under the partition statute are not exempt from land use regulations." 92 Wn. App. at 804.

Robert asserts that Friend is distinguishable, because the city of Sammamish did not object to partition of the Waterfront Lot. This distinction is irrelevant. The Friend court did not base its holding on the county's role in the partition action. See id. at 804-05. Rather, it was the zoning violation that prejudiced the landowners. See id. The same is true here. The evidence before the court showed that physical partition of the Waterfront Lot would violate local zoning ordinances.

Robert did not present evidence to the contrary. However, he argues that the trial court improperly restricted his presentation of evidence in two ways.

First, he argues that the trial court erred in refusing to take judicial notice of the King County maps he offered at the hearing. He asserts that the maps, which displayed lakefront lots smaller than 12,500 square feet, suggested that the Waterfront Lot could be physically partitioned.

We review a trial court's evidentiary rulings for abuse of discretion. Cox v. Spangler, 141 Wn.2d 431, 439, 5 P.3d 1265, 22 P.3d 791 (2000). Courts may take judicial notice of facts within the common knowledge of the community that are not subject to reasonable dispute. ER 201(b)(1); see Hegewald v. Neal, 28 Wn. App. 783, 786, 626

P.2d 535 (1981). For example, a court may take judicial notice of inflationary trends. Hegewald, 28 Wn. App. at 786. However, it would be inappropriate to use judicial notice to apply such trends to a specific property. Id.

Robert offered the maps to dispute Denise's assertion that physical partition was not legally possible. But, the maps showed only that certain lots did not conform to current zoning regulations. They did not explain why those lots are nonconforming. Even if they had, the court could not take judicial notice of other nonconforming lots to establish the availability of a variance on that particular lot. See id. The trial court did not abuse its discretion in excluding the maps.

Second, Robert asserts that the trial court erred in denying his motion for additional discovery. He maintains that the discovery would have helped to understand whether the Waterfront Lot could be physically partitioned in conformity with local zoning laws.

Under CR 56(f), "[s]hould it appear from the affidavits of a party opposing the motion that he cannot, for reasons stated, present by affidavit facts essential to justify his opposition, the court may . . . order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had." We review a trial court's denial of a CR 56(f) motion for abuse of discretion. MRC Receivables Corp. v. Zion, 152 Wn. App. 625, 629, 218 P.3d 621 (2009). "'The trial court may deny a motion for a continuance when (1) the requesting party does not have a good reason for the delay in obtaining the evidence, (2) the requesting party does not indicate what evidence would be established by further discovery, or (3) the new evidence would not raise a genuine issue of fact.'" Bldg. Indus. Ass'n of Wash. v. McCarthy, 152 Wn. App. 720, 742-43, 218 P.3d 196 (2009) (quoting Butler v. Joy, 116 Wn. App. 291, 299, 65 P.3d 671 (2003)).

At the time of the hearing, Robert had not conducted legal research or discovery on the availability of a variance or the likelihood that one would be granted in this case. His only explanation for failing to do so was that he had inadequate time. But, Denise's legal theory was clear from the start. She alleged one central issue: that local zoning ordinances prohibited physical partition of the Waterfront Lot. The relevant zoning ordinance appears in the Sammamish Municipal Code. SMC 25.07.080(6)(b). Robert had four and a half months between Denise's complaint and the motion hearing, during which he could have conducted research and any necessary discovery. He did not do so. Nor does he provide good cause for his failure to timely research or seek evidence on the single, clear issue in this case. The trial court did not abuse its discretion in denying his motion for additional discovery.

Finally, Robert argues that, if partition by sale was proper, the trial court erred in ordering the sale to be conducted in a commercially reasonable manner, rather than by auction. RCW 7.52.270 provides that "[a]ll sales of real property made by the referees shall be made by public auction." (Emphasis added.) This language is mandatory.[5] However, Robert did not challenge the method of sale below. We may refuse to review any claim of error that was not raised in the trial court. RAP 2.5(a). Robert has not preserved his error for review.

---

[5] Contrary to Denise's assertion, the trial court does not have the discretion to ignore the mandatory form of sale provided in the statute. RCW 7.52.270. And, her assertion that sale by public auction is "outdated" ignores the legislatively mandated and much used Deeds of Trust Act, which requires the same method of sale. RCW 61.24.040(f).

## CONCLUSION

The trial court properly exercised its discretion to exclude the Upper Lot and consider the Waterfront Lot alone. Denise demonstrated that physical partition of the Waterfront Lot would violate local zoning code, and Robert established no law or facts to the contrary. Thus, the trial court properly found that physical partition of the Waterfront Lot could not be achieved without great prejudice to the owners. The trial court did not abuse its discretion in ordering partition by sale of the Waterfront Lot.

We affirm.

WE CONCUR: