IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of<br><br>SIDDHESH SURVE,<br><br>    Appellant,<br><br>  and<br><br>RAJVI SURVE (N/K/A RAJURKAR),<br><br>    Respondent. | No. 87177-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, C.J. — Siddhesh Surve appeals from the final orders entered following a bench trial dissolving his marriage to Rajvi Rajurkar. On appeal, Siddhesh[1] asserts that the trial court abused its discretion in distributing the parties' marital assets and renewing a domestic violence protection order protecting Rajvi from him. Because procedural errors by Siddhesh's appellate counsel preclude an adequate review of these assertions and the record designated before us does not evince an abuse of discretion, Siddhesh has not established an entitlement to appellate relief. Accordingly, we affirm.

FACTS

In February 2021, Siddhesh and Rajvi were married. Roughly two years later, in April 2023, they separated and moved into different households. Thereafter, Siddhesh filed a petition for dissolution of their marriage in King County

---

[1] Because the parties shared the same last name during part of the proceedings, we use their first names for clarity. No disrespect is intended.

Superior Court. Rajvi responded to the dissolution petition in relevant part by requesting a protection order. At the time, they both lived in Sammamish, Washington.

In a separate case later linked with this matter, Rajvi filed a petition for a domestic violence protection order (DVPO) protecting her from Siddhesh. In that case, in June 2023, the court granted Rajvi's petition and entered a one-year DVPO, finding that the parties were intimate partners and Siddhesh had

> subjected [Rajvi] to domestic violence: physical harm, bodily injury, assault, or the infliction of fear of physical harm, bodily injury, or assault; nonconsensual sexual conduct or nonconsensual sexual penetration; coercive control; unlawful harassment; or stalking.

The court further found that Siddhesh represented a credible threat to Rajvi's safety and, in light of both parties' sworn testimony to the court and its review of the record, found

> [Rajvi] credible and that it is more likely true than not true that [Siddhesh] has engaged in a pattern of conduct that includes assaulting her on more than one occasion, installing cameras in the home without her knowledge, and verbal abuse. The [c]ourt finds persuasive the police report where [Siddhesh] admits to pushing [Rajvi].

In June and July 2024, the court conducted a five-day bench trial on Siddhesh's petition in the parties' marital dissolution case where Siddhesh was represented by legal counsel and Rajvi represented herself. The pretrial order reflected that the issues for trial were the parties' property, debt distribution, spousal maintenance, and Rajvi's request for a protection order. Both parties presented their cases in chief and cases in rebuttal, testified and were subject to cross-examination, and offered and admitted numerous exhibits.

Thereafter, in late July, the court issued several written orders, including its final dissolution decree, findings and conclusions about a marriage, and a one-year DVPO. A few days later, the court amended its final dissolution decree and findings and conclusions. The amended orders, in pertinent part, set forth the court's findings as to the parties' separate and community assets, denied a request for spousal support, and granted Rajvi's request for a DVPO. The court also found

> that both [Siddhesh] and [Rajvi] are not credible. Both parties often failed to answer the questions asked and overstated their testimony so it appeared to be only to their benefit. This, combined with extensive amounts of irrelevant, redundant testimony rendered it very difficult to ascertain the true value of assets and debts at issue.

Siddhesh timely appealed.

ANALYSIS

I.      Distribution of Marital Property

Siddhesh asserts that the trial court abused its discretion in its division of the parties' marital property. Because his appellate counsel has not provided us with a record allowing for adequate appellate review of this issue and because the record before us, as designated by Siddhesh in his role as the appellant, does not otherwise reflect an abuse of discretion by the trial court, Siddhesh does not establish an entitlement to appellate relief.

A.      Legal Standard and Standard of Review

The party seeking review of a trial court decision bears the burden of complying with the rules of appellate procedure and presenting a record adequate for appellate review. *Olmsted v. Mulder*, 72 Wn. App. 169, 183, 863 P.2d 1355

(1993); *see also Rhinevault v. Rhinevault*, 91 Wn. App. 688, 692, 959 P.2d 687 (1998) (requiring such compliance "so the reviewing court has before it all the evidence relevant to deciding the issues"). When such a review follows from a trial, this burden includes designation of exhibits admitted therein relevant to the issues on appeal. RAP 9.6(a). We "may decline to reach the merits of an issue if this burden is not met." *Rhinevault*, 91 Wn. App. at 692. In addition, we do not consider arguments unsupported by citation to the record or arguments raised for the first time on appeal. *See* RAP 2.5(a); 10.3(a)(6).

In a dissolution proceeding, all property, both community and separate, is before the court for distribution. *In re Marriage of Brewer*, 137 Wn.2d 756, 766, 976 P.2d 102 (1999). The trial court has broad discretion to make a just and equitable distribution of the property based on the factors enumerated in RCW 26.09.080 which requires consideration of

> all relevant factors including, but not limited to:
> (1) The nature and extent of the community property;
> (2) The nature and extent of the separate property;
> (3) The duration of the marriage or domestic partnership; and
> (4) The economic circumstances of each spouse or domestic
> partner at the time the division of property is to become effective.

*In re Marriage of Rockwell*, 141 Wn. App. 235, 242-43, 170 P.3d 572 (2007).

"An equitable division of property does not require mathematical precision, but rather fairness, based upon a consideration of all the circumstances of the marriage, both past and present, and an evaluation of the future needs of parties." *In re Marriage of Crosetto*, 82 Wn. App. 545, 556, 918 P.2d 954 (1996). The trial court is in the best position to determine what is fair and equitable and, therefore, its decision will be reversed only upon a showing of a manifest abuse of discretion.

*Brewer,* 137 Wn.2d at 769; *In re Marriage of Buchanan*, 150 Wn. App. 730, 735, 207 P.3d 478 (2009).

We review the trial court's factual findings for substantial evidence, which is "'evidence of sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise.'" *Rockwell*, 141 Wn. App. at 242 (internal quotation marks omitted) (quoting *In re Marriage of Griswold*, 112 Wn. App. 333, 339, 48 P.3d 1018 (2002)). Unchallenged findings of fact are verities on appeal. *See In re Marriage of Rounds*, 4 Wn. App. 2d 801, 804, 423 P.3d 895 (2018). Furthermore, "[w]here the trial court has weighed the evidence, the reviewing court's role is simply to determine whether substantial evidence supports the findings of fact and, if so, whether the findings in turn support the trial court's conclusions of law." *Rockwell*, 141 Wn. App. at 242. Similarly, "[w]e do not review credibility determinations of a trial court." *In re Marriage of Fiorito*, 112 Wn. App. 657, 667, 50 P.3d 298 (2002).

Since the "trial court is in the best position to determine what is fair under the circumstances," we "will affirm unless an appellant demonstrates that the trial court manifestly abused its discretion." *In re Marriage of Wright*, 179 Wn. App. 257, 261 n.5, 319 P.3d 45 (2013). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

Lastly, as emphasized by our Supreme Court,

> We once again repeat the rule that trial court decisions in a dissolution action will seldom be changed upon appeal. Such decisions are difficult at best. Appellate courts should not encourage appeals by tinkering with them. The emotional and financial interests

affected by such decisions are best served by finality. The spouse who challenges such decisions bears the heavy burden of showing a manifest abuse of discretion on the part of the trial court.

*In re Marriage of Landry*, 103 Wn.2d 807, 809, 699 P.2d 214 (1985).

As an initial matter, we note that Siddhesh's appellate counsel has not satisfied the burden of an appellant to designate a record adequate for our review of many of the assignments of error raised on appeal. As mentioned, this matter follows from a bench trial at which testimony and numerous exhibits were offered and admitted by both parties, and Siddhesh's challenge on appeal is to the final orders resulting from that bench trial. Though properly designating the report of proceedings as well as certain clerk's papers, Siddhesh's appellate counsel failed to designate any of the many exhibits admitted during the bench trial for our review, contrary to RAP 9.6(a). This noncompliance is especially impactful with regard to Siddhesh's assertions regarding the division of marital property, discussed *infra*, because they rely in part or entirely on those documentary exhibits or on testimony predicated on those documents. As a result, Siddhesh's appellate counsel has precluded our ability to adequately review Siddhesh's challenges to this aspect of the trial court's decision herein and such noncompliance is fatal, in many ways, to Siddhesh's assertions on appeal.[2]

---

[2] To the extent that the documents admitted as exhibits in this matter overlap with the roughly 2,700 pages of clerk's papers designated herein, Siddhesh's appellate counsel's briefing does not attempt to identify any such documents as identical to those exhibits, nor does he provide citation, argument, or legal authority in support of the notion that we may consider such clerk's papers in the absence of a designation of the exhibits actually admitted and considered by the trier of fact.

B.    Consideration of Duration of Marriage

Siddhesh first asserts that the trial court's property division constitutes an abuse of discretion because the parties were married only for a short period of time, the court is required to put the parties to a short-term marriage in the position that they would have been in without such a marriage, and the court herein did not do so.  Siddhesh's assertion fails.

As an initial matter, Siddhesh relies extensively on unpublished decisional authority, most of which was filed before March 2013, to support this assertion. Under GR 14.1(a),

> [u]npublished opinions of the Court of Appeals *have no precedential value and are not binding upon any court*.  However, unpublished opinions of the Court of Appeals filed on or after March 1, 2013, may be cited as *non-binding authorities*, if identified as such by the citing party, and may be accorded such persuasive value as the court deems appropriate.

(Emphasis added.)  Siddhesh's appellate briefing neither acknowledges GR 14.1 nor identifies the unpublished decisional authority to which he cites as non-binding; rather, he presents it as if it were precedential and binding on this court.  This is erroneous.  Furthermore, the unpublished authority on which he relies does not persuasively support the proposition that a trial court necessarily abuses its discretion if it does not return parties to a short-term marriage to their respective financial circumstances at the outset of their marriage.[3]  For this reason, his reliance on that authority fails.

---

[3] Furthermore, such a proposition is doubtful in light of the legislative mandate that a trial court must consider *all* relevant factors, including the four factors set forth in RCW 26.09.080.

In addition, the only published decisional authority on which he relies to support his assertion, *Fiorito*, manifestly does not. Therein, the court stated, "Ms. Fiorito argues that the trial court was required to put the parties 'back in the position they were in' before the wedding and then to fairly divide the community property. She cites no case authority to support this argument. Thus, we do not address it." *Fiorito*, 112 Wn. App. at 669. In this matter, as in *Fiorito*, Siddhesh does not cite to controlling, or even compelling, authority to support his assertion, therefore, we do not consider it.[4] Thus, Siddhesh's assertion fails.

C.     Allegations of Rajvi's Removal of Community Funds

Siddhesh next avers that the trial court erred by not considering certain evidence he claims established that Rajvi had removed community funds following their separation. For several reasons, this argument fails.

Here, in issuing the pretrial temporary family law order in this matter, a King County Superior Court commissioner entered the following findings in response to Siddhesh's motion for an immediate restraining order regarding the parties' finances:

> Evidence was presented to show that [Rajvi] has transferred funds totaling $80,397 which may be a violation of the Automatic Financial Restraining Order. The [c]ourt finds there is no proof of service of the Automatic Financial Restraining Order on [Rajvi]. (See SUB #9). Both parties were previously represented by different attorneys.

---

[4] To the extent that Siddhesh asserts that the trial court failed to exercise its discretion by not considering the durational factor, this assertion would fail as well. The record reflects that this factor was expressly considered by the trial court, with the portion of its decree regarding spousal maintenance stating, "[T]he court orders no spousal support since this was a short-term marriage and the person requesting it is unable to show she has an actual need for it." Thus, the trial court expressly considered the duration of the parties' marriage when it determined whether spousal maintenance was appropriate.

It is concerning that [Rajvi] has failed to adhere to court orders on more than one occasion and [Rajvi] does not expressly *deny* that knowledge of the Automatic Financial Restraining Order which calls into question her veracity regarding financial issues.

Siddhesh avers that the foregoing sets forth a dispositive finding, for the purpose of the parties' final property distribution, that Rajvi removed $80,397 of community property and the trial court erred by not taking such a finding into consideration in its property distribution. Siddhesh is incorrect.

As an initial matter, the commissioner's temporary order sets forth the bases on which the commissioner relied in granting an immediate restraining order regarding the parties' finances, not a finding as to whether certain property constituted community or separate property. Indeed, although the foregoing reflects that the commissioner acknowledged such proffered evidence for the purpose of whether a restraining order should be granted, it does not reflect that the commissioner *credited* such evidence for the purpose of the parties' property distribution. Such a determination was the purview of the trial court at the resulting bench trial and, in that regard, Siddhesh does not present any citation to the record in support of the notion that the foregoing argument was both presented to the trial court and argued as a basis for adjusting the property division. We do not consider arguments unsupported by citation to the record or arguments raised for the first time on appeal. *See* RAP 2.5(a); 10.3(a)(6).

Siddhesh nevertheless contends that an exhibit admitted at trial created by his accountant supports that Rajvi removed a certain sum of money from the parties' community property. However, as explained in Section I.A *supra*, Siddhesh's appellate counsel has not carried the burden of designating many

relevant exhibits, including the one at issue in this assignment of error, and thereby presenting a record adequate for appellate review of this issue. *See Olmsted*, 72 Wn. App. 183. Therefore, we decline to consider this contention.

      D.     Valuation of Sammamish Home

Siddhesh next claims that the trial court abused its discretion in its valuation of the parties' Sammamish home. This is so, he contends, because he testified at trial that he had a professional appraisal of the home completed in February 2024, the appraisal was admitted as an exhibit during trial, and the record did not contain other evidence in support of the valuation identified by the trial court. Siddhesh again fails to carry his burden to establish reversible error.

As discussed, Siddhesh's appellate counsel has not designated for our review any of the exhibits admitted at trial, including the purported exhibit of the appraisal of the Sammamish home, thereby precluding our ability to adequately review this issue. *See* RAP 9.6(a). Moreover, his appellate counsel's other citations to the record are to statements presented in Siddhesh's motion for reconsideration of the trial court's final orders, which are not evidence admitted at trial and not pertinent to the trial court's final orders actually challenged on appeal. For these reasons, his assertion fails.

Furthermore, even if we reached the merits of this assertion, the record before us does not evince an abuse of discretion by the trial court. For instance, although the trial transcript reflects that Siddhesh testified that the Sammamish home was valued at $850,000, the trial court found that neither party was a credible witness, they each "overstated their testimony so it appeared to be only to their

- 10 -

benefit," and, when "combined with extensive amounts of irrelevant, redundant testimony," "rendered it very difficult to ascertain the true value of assets and debts at issue." Given that Siddhesh would benefit from presenting testimony undervaluing the value of the Sammamish home, we cannot say the trial court abused its discretion when it discounted his testimony based on its credibility determination and assigned a value to the Sammamish home that was greater than that alleged by Siddhesh. Accordingly, this assertion also fails.

E.      Determination Regarding Accounts and Stocks

Next, Siddhesh asserts that the trial court abused its discretion when it characterized his Nomura Vanguard retirement account and Robinhood[5] account as community property and when it assigned a certain value to his Citibank account and Microsoft stock. In support of these assertions, Siddhesh relies on his testimony and the exhibits admitted at trial regarding those accounts and that stock. He does not establish an entitlement to appellate relief.

Again, his contentions are predicated in part on the exhibits admitted at trial. Siddhesh's appellate counsel has failed to designate the relevant exhibits for our review. He therefore does not carry his burden to create an adequate record for review, and we decline to consider his assertions. *See* RAP 9.6(a).

Nevertheless, even if we reached the merits of Siddhesh's claims on this issue, they are otherwise predicated on his testimony at trial which, as discussed, the court expressly found was not credible. As a result, the court's determinations regarding the foregoing accounts and stock are consistent with such a reliability

---

[5] "Robinhood" is an electronic financial trading platform.

determination. We defer to the trial court with regard to credibility determinations. *Fiorito*, 112 Wn. App. at 667. Without more, we could not conclude that the trial court manifestly abused its discretion.

### F. Calculation of Equalization and Offset Payment

Finally, Siddhesh avers that due to the property distribution errors that he asserted on appeal, the trial court necessarily erred by calculating the equalization payment and the offsets thereto. This argument fails as well.

As with each of the other assignments of error addressed in Part I, Siddhesh has not presented us with a record adequate to enable our review of such a determination. Even if we reached the merits, we would not conclude that the trial court erred in its property distribution determinations. It logically follows that we cannot conclude that such determinations resulted in errors in the court's payments and offsets calculation. Therefore, Siddhesh does not prevail on this assertion. For these reasons, all of Siddhesh's challenges to the trial court's property distribution fail. Accordingly, he does not establish an entitlement to appellate relief.

## II. Renewal of Domestic Violence Protection Order

Siddhesh also argues that the trial court abused its discretion when it granted Rajvi's request for a DVPO against him. We disagree.

### A. Failure To Designate Challenged Order

As an initial matter, Siddhesh's opening brief assigns error to the trial court's renewal of the DVPO. However, his appellate counsel's notice of appeal in this

matter did not designate the DVPO for our review. Rather, his legal counsel designated the court's amended final divorce decree and its amended findings and conclusions about a marriage. Although both of those orders contained certain of the court's findings relating to the DVPO entered in this matter, neither constituted the court's protection order entered in this case and challenged on appeal.

RAP 2.4(a) establishes that the "appellate court will, at the instance of the appellant, review the decision or parts of the decision designated in the notice of appeal." (Emphasis added.) While there is an exception under RAP 2.4(b) that would allow us to "review a trial court order or ruling not designated in the notice . . . if (1) the order or ruling prejudicially affects the decision designated in the notice," Siddhesh's briefing does not acknowledge this procedural deficiency of his appeal, much less offer any argument as to how the DVPO prejudicially affected the orders that he designated for review such that we should apply the exception.

Accordingly, his assignments of error to the DVPO order fall outside the scope of appeal as determined by Siddhesh's own notice and designation. However, consistent with RAP 1.2(a), which directs liberal interpretation of our rules, we exercise our discretion and endeavor to address the merits of Siddhesh's assertions as to the DVPO order.

B.      Siddhesh's Challenges to Trial Court's Renewal of DVPO

Siddhesh generally asserts that the trial court abused its discretion by renewing the DVPO in this matter. Because he does not carry his burden of establishing trial court error in its renewal of the DVPO, his assertion fails.

We have stated that trial courts in dissolution proceedings have broad statutory and equitable authority to impose and fashion restraining orders. *See Blackmon v. Blackmon*, 155 Wn. App. 715, 721-22, 230 P.3d 233 (2010) (explaining protection and restraining orders essentially a type of injunction and equitable in nature). With regard to restraining orders, our legislature has provided that "[i]n entering a decree of dissolution of marriage . . ., the court shall . . . make provision for the issuance within this action of the restraint provisions of a domestic violence protection order or an antiharassment protection order under chapter 7.105 RCW." RCW 26.09.050(1). The superior court's "decision to grant or deny a domestic violence protection order is reviewed for an abuse of discretion." *Maldonado v. Maldonado*, 197 Wn. App. 779, 789, 391 P.3d 546 (2017). "An abuse of discretion is found when a trial judge's decision is exercised on untenable grounds or for untenable reasons, or if [their] decision was reached by applying the wrong legal standard." *Id.*

During the time in question,[6] our legislature defined "[d]omestic violence" for the purpose of protection orders as meaning, in relevant part, the following:

> (a) Physical harm, bodily injury, assault, or the infliction of fear of physical harm, bodily injury, or assault; nonconsensual sexual conduct or nonconsensual sexual penetration; coercive control; unlawful harassment; or stalking of one intimate partner by another intimate partner.

Former RCW 7.105.010(8) (2022). For the renewal of a DVPO, our legislature has provided, again in relevant part, that

---

[6] While this statute was amended in 2024 and "Domestic violence" was moved from subsection (8) to subsection (10), the definition of the term is the same as it was in the previous version of the statute.

- 14 -

(4) The court shall grant the motion for renewal unless the respondent proves by a preponderance of the evidence that there has been a substantial change in circumstances and the following:

(a) For a domestic violence protection order, that the respondent proves that the respondent will not resume acts of domestic violence against the petitioner or the petitioner's family or household members who are minors or vulnerable adults when the order expires.

RCW 7.105.405.[7]

Here, the parties do not dispute that both parties resided in Sammamish at the time that Siddhesh filed the petition for dissolution in this matter. At trial, the court characterized Rajvi's motion as one seeking the renewal of the DVPO entered against Siddhesh, and its amended final orders stated as follows:

[Rajvi] has filed a motion to renew her DVPO under Cause No. 23-2-07138-7 KNT. The court understands [Rajvi] asked for this order to be kept in place or continued in her Response to the Dissolution Petition. On July 12, 2024 the DV Case Cause No. 23-2-07138-7 KNT was joined with the Dissolution Cause No. 23-3-02074-2 KNT. The court finds that there is insufficient evidence that [Siddhesh] has committed any violations of [Rajvi]'s DVPO from the time the full order was entered on June 14, 2023 to the current date. [Siddhesh] filed his quarterly reports with the court and [Rajvi] as ordered by the June 14, 2023 DVPO. [Siddhesh] has successfully completed his counseling as ordered in the June 14, 2023 DVPO. [Siddhesh] has paid [Rajvi]'s DVPO attorney fees pursuant to her June 14, 2023 DVPO. [Siddhesh] has testified that he wants no contact with [Rajvi] and has no intent to have any contact with [Rajvi]. [Siddhesh] testified he doesn't even know where [Rajvi] lives. [Rajvi] testified that she is "couch-surfing" at this time and before that spent time traveling in India.

The court further found, in relevant part, that

[t]he evidence shows that [Rajvi] has engaged in efforts to maintain employment or retain legal status in the United States for after the

---

[7] Siddhesh's appellate briefing does not contest that the trial court's order in this matter constituted a renewal of the prior DVPO, rather than the issuance of a new DVPO. However, in attempting to present the applicable legal standard, his briefing discusses the standard for the issuance of a new DVPO, *see* RCW 7.105.225(1)(a), rather than the standard applicable to a motion to renew a DVPO, *see* RCW 7.105.405.

- 15 -

dissolution occurs. She appears to have accepted an offer with Cohesity, through its Ireland office, for a salary of 95,000€, and an e[-]mail from the company has indicated that, at least until recently, she is currently employed. . . . [Rajvi] has also indicated that she is taking steps to obtain her graduate degree in the United States.

The trial court's protection order also reiterated that the parties were intimate partners and Siddhesh

has subjected [Rajvi] to domestic violence: physical harm, bodily injury, assault, or the infliction of fear of physical harm, bodily injury, or assault; nonconsensual sexual conduct or nonconsensual sexual penetration; coercive control; unlawful harassment; or stalking.

Additionally, the court determined that a one-year DVPO renewal was warranted because, "during the marriage, there were instances in which [Siddhesh] physically pushed [Rajvi] or exerted control over her so as to limit her ability to move or act," which constituted subjecting her to a reasonable fear of danger from him while she resided in Washington.

On appeal, Siddhesh asserts that the trial court erred in renewing the DVPO because the record reflects that he has complied with the terms of the June 2023 DVPO, does not clearly reflect that Rajvi resided in Washington at the time of the order's entry, and does not reflect that he engaged in coercive control of Rajvi as defined in the protection order statute. Because Siddhesh misunderstands the standard of review applicable to the renewal of DVPO and, therefore, fails to carry his burden to successfully challenge the court's renewal order, his contention fails.

As an initial matter, although Siddhesh correctly identifies that the record does not clearly reflect that Rajvi was residing in Washington at the time of the issuance of the DVPO, this is not the applicable standard. Rather, as the respondent, Siddhesh must establish

by a preponderance of the evidence that there has been a substantial change in circumstances and that they will not resume acts of domestic violence when the order expires. RCW 7.105.405(4)(a).

The court is allowed but not required to consider certain statutory factors, including "[w]hether the respondent has committed or threatened sexual assault; domestic violence; stalking; . . . or other harmful acts against the petitioner" and "[w]hether the respondent has violated the terms of the protection order" since the DVPO's entry. RCW 7.105.405(5)(a), (b). The statute also provides that "[o]ther factors relating to a substantial change in circumstances" may be considered. RCW 7.105.405(5)(g).

*Prussak v. Prussak*, 27 Wn. App. 2d 451, 458, 536 P.3d 199 (2023) (alterations in original).

Although Rajvi appeared to have accepted work outside of the United States, Siddhesh does not dispute that the record reflected, during both the dissolution proceedings in this matter and the time in which the renewed DVPO was in effect, that she was couch surfing, was engaging in efforts to maintain her employment or legal status in the United States, and was seeking to obtain a graduate degree in the United States.[8] All such evidence tends to suggest is that at the time of the renewal of the DVPO Rajvi was either residing or intended to reside in Washington during the term of the DVPO. Even if we accept Siddhesh's assertions on these matters as true, absent the necessary record for confirmation, he neither satisfies the preponderance standard nor presents compelling argument as to how this establishes a *substantial* change in circumstances.

Next, although Siddhesh also correctly identifies that the record supports that he has complied with the terms of the June 2023 DVPO, he does not present

---

[8] We note, as to this issue, that Siddhesh's appellate counsel's briefing again attempts to rely on "evidence" consisting of an exhibit that has not been designated for our review and a citation to Siddhesh's posttrial motion for reconsideration. For the reasons discussed herein, his reliance thereon is unavailing.

argument or authority in support of the notion that such compliance, by itself, satisfies his burden on appeal to demonstrate that renewal of the DVPO was an abuse of discretion. We do not consider arguments unsupported by analysis or decisional authority. *See* RAP 10.3(a)(6).

Lastly, with regard to Siddhesh's assertion that the trial court renewed the DVPO order on the basis of coercive control, we understand the court's protection order and its corresponding findings to reflect that the court, by basing its determination on Rajvi's reasonable fear of danger from Siddhesh, was adhering to the bases found in the June 2023 DVPO previously entered in this case. Taken together, Siddhesh has not carried his burden of establishing that the trial court erred by renewing the DVPO previously entered in this case as part of its final orders in this matter. Accordingly, Siddhesh has not established an entitlement to appellate relief.

Affirmed.

WE CONCUR:

Díaz, J.                          Chung, J.